IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INFOW, LLC | ) | Case No. 22 - 60020 |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |
| In re: | ) | |
| | ) | |
| IWHEALTH, LLC | ) | Case No. 22 - 60021 |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |
| In re: | ) | |
| | ) | |
| PRISON PLANET TV, LLC | ) | Case No. 22 - 60022 |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |

**ORDER AUTHORIZING APPOINTMENT OF RUSSELL F. NELMS AND RICHARD S. SCHMIDT AS TRUSTEES OF THE 2022 LITIGATION SETTLEMENT TRUST AND GRANTING RELATED RELIEF**

Upon the *Debtors' Emergency Motion for Order Authorizing Appointment of Russell F. Nelms and Richard S. Schmidt as Trustees of the 2022 Litigation Settlement Trust and Granting Related Relief* (the "Motion")[1] filed on April 18, 2022; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth

---

[1] Capitalized terms used by not otherwise defined in this Order shall have the meanings ascribed to such terms in the Motion.

in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The appointment of Russell F. Nelms and Richard S. Schmidt as the trustees (the "Litigation Settlement Trustees") of the 2022 Litigation Settlement Trust (the "Litigation Settlement Trust") is hereby authorized.

2. The Litigation Settlement Trustees shall have all the powers and duties of managers of the Debtors for all purposes, including the filing of any proceeding, case, suit, or other legal proceeding and operation of the Debtors as debtors-in-possession.

3. To the maximum extent permitted by applicable law, neither the Litigation Settlement Trustees nor any of their employees, agents, advisors or professionals have or may incur any liability to any holder of a claim or equity interest, or any other party in interest, for any act or omission in connection with, relating to or arising out of the above-captioned chapter 11 cases, except for their acts or omissions constituting willful misconduct or gross negligence, as finally determined by a court of competent jurisdiction.

4. The Litigation Settlement Trustees shall be entitled to receive reimbursement of expenses and compensation for services pursuant to the Declaration of Trust without further order of the Court, *provided that* such compensation is paid from property of the Litigation Settlement Trust that is not property of the Debtors' bankruptcy estates. Subject to appointment and acceptance of such appointment, the Litigation Settlement Trustees shall be entitled to hourly compensation from such non-estate property for services provided as follows:

| *Timekeeper* | *Rate* |
|---|---|
| Russell F. Nelms | $900.00 per Hour |
| Richard S. Schmidt | $900.00 per Hour |
| Paralegal or Administrative Staff | $125.00 per Hour |

5. A Litigation Settlement Trustee may resign by giving not less than sixty (60) days' prior written notice to the Debtors.

6. A Litigation Settlement Trustee may be removed pursuant to further order of the Bankruptcy Court on motion of a majority of the members of the Litigation Settlement Trust Board. Any motion to remove a Trustee shall be "for cause" shown by clear and convincing evidence, and all costs and fees for the successful defense of any such action for cause shall be the obligation of the Litigation Settlement Trust.

7. The filing of any pleadings or documents prior to the appointment of the Litigation Settlement Trustees shall not prevent the Litigation Settlement Trustees from withdrawing or directing the withdrawal of any pleading or document. The Litigation Settlement Trustees shall have the right to review, amend, withdraw, or request continuance with respect to any pleading filed by the Debtors prior to their appointment pursuant to this Order

8. The proposed Litigation Settlement Trustees may negotiate revisions to the Declaration of Trust or PSA, provided that any such revisions are consistent with this Order. To the extent that any negotiated revisions to the Declaration of Trust or PSA are in conflict with this Order, this Order shall control.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____        _____
                                                UNITED STATES BANKRUPTCY JUDGE