**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INFOW, LLC | ) | Case No. 22 - 60020 |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |
| In re: | ) | |
| | ) | |
| IWHEALTH, LLC | ) | Case No. 22 - 60021 |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |
| In re: | ) | |
| | ) | |
| PRISON PLANET TV, LLC | ) | Case No. 22 - 60022 |
| | ) | |
| Debtor. | ) | Chapter 11 (Subchapter V) |

**DEBTORS' EMERGENCY APPLICATION FOR INTERIM AND FINAL ORDERS (A)
AUTHORIZING EMPLOYMENT OF W. MARC SCHWARTZ AS CHIEF
RESTRUCTURING OFFICER, (B) AUTHORIZING EMPLOYMENT OF STAFF OF
SCHWARTZ ASSOCIATES, LLC IN DISCHARGE OF DUTIES AS CHIEF
<u>RESTRUCTURING OFFICER, AND (C) GRANTING RELATED RELIEF</u>**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED AND IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

RELIEF IS REQUESTED ON OR BEFORE **APRIL 22, 2022**.

InfoW, LLC ("InfoW"), IWHealth, LLC ("IW Health"), and Prison Planet TV, LLC ("Prison Planet TV", and together with InfoW and IW Health, the "Debtors"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases, hereby move for entry of an order substantially in the form attached hereto (the "Proposed Order") pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the retention of W. Marc Schwartz (the "Proposed CRO") of Schwartz Associates, LLC ("SALLC") as their Chief Restructuring Officer (the "Application") pursuant to that certain engagement letter agreement by and between the Debtors and SALLC, a copy of which is attached hereto as Exhibit A (the "Engagement Agreement"). In support of the Application, the Debtors submit the Declaration of W. Marc Schwartz attached hereto as Exhibit B (the "Schwartz Declaration") and respectfully represent as follows:

## <u>REQUEST FOR EMERGENCY HEARING</u>

1.      The Debtors seek emergency consideration of this Application on or before **<u>April 22, 2022</u>**, or as soon after as the Court's schedule will allow. Appointment of a chief restructuring office to perform the services set forth in the Engagement Agreement is necessary for the Debtors to adequately perform their duties as debtors-in-possession, including preparation of schedules of assets and liabilities, compliance with reporting requirements, and preparation of financial information and testimony.

## <u>JURISDICTION</u>

2.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3.      The bases for the relief requested herein are sections 105, 327, and 363(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014 and 6003 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of Texas (the "<u>Local Rules</u>").

## <u>BACKGROUND</u>

### A.  **Case Background**

4.      On April 18, 2022 (the "<u>Petition Date</u>"), each of the Debtors commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (collectively, the "<u>Chapter 11 Cases</u>").

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

6.      As of the filing of this Application, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for Region 7 (the "U.S. Trustee").

**B.  The Debtors**

7.      The Debtors are holding companies for certain intellectual property assets. Debtor InfoW, owns copyrights and domain names related to "Infowars.com." Debtor IWHealth owns cash flow from royalties and/or an agreement with Youngevity. Debtor Prison Planet TV owns copyrights and domain names related to prisonplanet.tv.

8.       "Infowars"—a conspiracy-oriented website and media company—is operated by Free Speech Systems, LLC ("FSS"), which does business under a registered trademark for that name.  InfoW and Prison Planet TV license their intellectual property and domain names to FSS for use in its business but the Debtors do not produce or have any control over the content of Infowars. FSS maintains and operates the website https://www.infowars.com/.[1]

9.      Alex E. Jones ("Jones") owns one hundred percent (100%) of the equity in FSS. Prior to the Petition Date, Jones also owned one hundred percent (100%) of the equity in InfoW, IWHealth and Prison Planet TV. He assigned these equity interests to the 2022 Litigation Settlement Trust (the "Litigation Settlement Trust") before the Petition Date.

**C.  Pending Litigation Against the Debtors**

10.      The Debtors' financial distress stems primarily from statements of Jones and other employees of FSS in the wake of the December 14, 2012, mass shooting at Sandy Hook Elementary School in which 20 children and 6 educators were killed by Adam Lanza. Various parents of the deceased victims of the Sandy Hook shooting assert, among other things, that these statements were defamatory and inflicted emotional distress.

---

[1] The Debtors have been advised that all the assets of FSS serve as collateral to repay obligations to PQPR Holdings.

11.     The relatives of the Sandy Hook victims and certain other parties (the "Sandy Hook Plaintiffs") assert, among other things, that Jones and other employees of FSS made defamatory statements and inflicted emotional distress. In 2018, the Sandy Hook Plaintiffs brought actions in Texas and Connecticut (collectively, the "Sandy Hook Lawsuits") against Jones, FSS, and certain of the Debtors. The crux of the allegations in the Sandy Hook Lawsuits is that Jones and FSS employees damaged the Sandy Hook Plaintiffs by saying or implying that the Sandy Hook shooting did not occur, and that the entire incident was a "false flag" hoax.

12.     The Debtors are also defendants in other pending litigation unrelated to the events at Sandy Hook Elementary School:[2]

- *Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Kit Daniels*, Cause No. D-1-GN-18-001605, pending before the 459th District Court for Travis County, Texas—This case involves an article authored by an FSS employee about the shooter at Marjory Stoneman Douglas High School in Parkland, Florida. Iterations of the article included a photograph of the plaintiff, even though the plaintiff was not involved with the shooting or even in Florida at the time.

- *Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, PQPR Holdings Limited LC, JLJR Holdings, LLC, PLJR Holdings, LLC, Carol Jones, David Jones, PQPR Holdings, LLC, JLJR Holdings Limited, LLC, AEJ Holdings, LLC, AEJ Trust 2018*, Cause No. D-1-GN-22-001610, pending before the 200th District Court for Travis County, Texas—This lawsuit was brought by the plaintiffs in the other Texas lawsuits under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). The allegations are that Jones diverted his assets to companies owned by insiders like his parents, his children, and himself. The Plaintiffs seek judgment allowing them to take possession and execute on the assets.

- *Larry Klayman v Infowars, LLC, et al.*, Case No. 20-61912, before the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division—The plaintiff in this case brought claims against InfoWars, LLC, Free Speech Systems, LLC, Alex Jones, David Jones, and Owen Shroyer for defamation, Florida Deceptive and Unfair Trade Practices Act, tortious interference, and violation of the Lanham Act for publishing disparaging statements about the plaintiff. On April 14, 2022, the District Court entered a take-nothing judgment in favor of the InfoW and the other defendants. The plaintiff has appealed to the Eleventh Circuit Court of Appeals.

---

[2] On April 11, 2022, the U.S. District Court for the Western District of Virginia entered a Stipulation and Order [Dkt. No. 504], resolving the defamation action in Brennan M. Gilmore v Alexander E. Jones, et. al., Case No. 3:18-cv-00017-NKM-JCH, resolving that litigation in exchange for a $50,000 settlement to the plaintiff.

13.     Jones, FSS, and the Debtors have spent more than $10.0 million in legal fees and costs since commencement of the Sandy Hook Lawsuits. Despite the substantial amount spent, both the Texas and Connecticut courts have imposed multiple sanctions and ruled that Jones, FSS, and the Debtors failed to comply with discovery requirements such that judgment on *liability* has been entered against them by default.[3] No court has yet to quantify the amount of the damages.

14.     The pending litigation presents a classic "race to the courthouse." The Texas court is scheduled to be the first damages case to go to trial and is set to commence with jury selection on April 25, 2022. The damages trial in the Texas actions is scheduled for months before the damages will be determined in the actions pending in Connecticut.

15.     Given the limited cash on hand available to the Debtors, Jones, and FSS, there is a substantial likelihood that efforts to collect on a judgment of the Texas actions would result in leaving nothing left for the Connecticut Sandy Hook Plaintiffs or other creditors. Indeed, prior to even liquidating their claims, the Texas plaintiffs sought execution by initiating the TUFTA litigation.

**D.  2022 Litigation Settlement Trust**

16.     To address the Sandy Hook Lawsuits and other litigation, and preserve assets for equal distribution to all creditors, the Debtors, Jones, and FSS have created the 2022 Litigation Settlement Trust (the "Litigation Settlement Trust") to provide a mechanism for the payment in full of the litigation claims.

17.     The Litigation Settlement Trust removes control of the Debtors and settlement funds from Jones and ensures that any settlement of or judgment in the Sandy Hook Lawsuits and

---

[3] The applicable Debtors do not intend to challenge any determination of liability entered by the respective state courts unless the claimant elects to liquidate their claims through continuation of the litigation.

other litigation will be paid according to the terms of the Declaration of Trust and any plan of reorganization in these Chapter 11 Cases. The Litigation Trust has been initially funded pursuant to the funding agreement attached to the Declaration of Trust and the Plan Support Agreement, as may be amended (the "PSA").  The "Initial Trust Funding" of $725,000 for administration of these Chapter 11 Cases has been paid to the interim trustee or the Debtors' professionals from exempt personal assets of Jones.  Upon confirmation of a plan, the Litigation Trust is expected to be funded with additional funds, including $2,000,000 in cash on the effective date.

18.     Contemporaneously with this Application, the Debtors have requested an order authorizing the appointment of former bankruptcy judges Russell F. Nelms and Richard S. Schmidt to serve as trustees of the Litigation Settlement Trust (the "Litigation Settlement Trustees").

### E.  Proposed Employment of Schwartz as Chief Restructuring Officer

   i.   *Scope of Employment*

19.     The Debtors seek to engage the Proposed CRO as chief restructuring officer to advise and lead the day-to-day restructuring efforts of the Debtors, pursuant to the Engagement Agreement. The Debtors contemplate that the Proposed CRO will perform some or all the following tasks:

   a.   Make business and debt restructuring decisions, including as it relates to business strategy(ies) and other key elements of the business;

   b.   Manage due diligence requests and other items requested by various constituents as part of the restructuring process;

   c.   Prepare cash flow forecasts and related financial and business models;

   d.   Identify and implement short and long-term liquidity initiatives;

   e.   Prepare Statements of Financial Affairs and Schedules, Monthly Operating Reports, and other similar regular Chapter 11 administrative, financial, and accounting reports required by the Court, as well as provide necessary testimony before the Court on matters within CRO's areas of expertise;

      f.     Review inventory marketability and provide monetization alternatives;

      g.     Make operational decisions with advice of appropriate governance body;

      h.     Implement cost containment measures;

      i.     Negotiate with creditors, prospective purchasers, equity holders, equity committees, official committee of unsecured creditors, and all other parties-in-interest and submit proposals for payment to Third Party Funding Contributors, trustees and the Court;

      j.     Maximize value of the Debtors;

      k.     Oversee all business decisions of Debtors, as necessary or required, utilizing CRO's business judgment.

      l.     Be authorized, during normal business hours, to (a) review and analyze the books of account, bank accounts, accounting source documents and financial statements of FSS and Jones including, but not limited to, QuickBooks accounts, bank statements and included documents, invoices, credit card processing reports, other documents reflecting cash receipts, invoices received and issued, and other accounting source documents, (b) have read-only access to bank accounts used by FSS Jones in the conduct of their businesses, and (c) have access to the personnel, managers, and/or financial professionals of FSS and Jones to interview and request additional documents or information.

      m.     Execute all documents and take all other acts necessary to effectuate the restructuring of the Debtors, including in any case before the Court, subject to approval of the trustees of the Litigation Settlement Trustees.

20.     The Proposed CRO will be subject to the oversight and direction of the Litigation Settlement Trustees, who will have full governance authority over the Debtors.

21.     Additionally, the Debtors seek authority for other staff of SALLC to perform services required to assist the Proposed CRO within the scope of this engagement.

      *ii.*     *Necessity of Employment*

22.     The Debtors believe that the retention and employment of the Proposed CRO is necessary and appropriate to administer these Chapter 11 Cases and ultimately prepare and obtain confirmation of a plan of reorganization. While the Litigation Settlement Trustees will have oversight of the Proposed CRO and direct the overall direction of these Chapter 11 Cases, the

Debtors need a professional with financial expertise to serve as an officer of the Debtors to perform the services indicated in the Engagement Agreement.

23.    The litigation between the Sandy Hook Plaintiffs and the defendants has been acrimonious, littered with sanctions, and rages on unabated year after year. For example, when Jones filed an offer of compromise pursuant to Connecticut procedure, the Connecticut plaintiffs responded that the "so-called offer is a transparent and desperate attempt by Alex Jones to escape a public reckoning under oath with his deceitful, profit-driven campaign against the plaintiffs and the memory of their loved ones lost at Sandy Hook." There is no reasonable prospect of a resolution which allows for a fair distribution of recoveries to all affected parties.

24.    Some of the defendants have faced and been hit with "death penalty" discovery sanctions. Whether these problems were the result of bad faith or merely the lack of someone with the adequate experience and ability,[4] a qualified financial professional answering to independent fiduciaries to wit, the Litigation Settlement Trustees, is necessary for any negotiations that will result in a consensual plan that provides for payment in full to creditors.

   iii.    _Reasons for Selection_

25.    The Debtors believe that the Proposed CRO is well qualified to provide management services that will assist and enhance the Debtors' efforts to maximize value to their creditors.

26.    Marc Schwartz is a licensed CPA with more than 40 years' experience providing expert witness and financial restructuring services. He frequently serves as a chief restructuring officer, and as a federal and state court appointed receiver, in bankruptcy and non-bankruptcy

---

[4] For the avoidance of doubt, the Debtors reserve their rights to contest the sanctions on appeal absent consensual resolution.

proceedings. Mr. Schwartz is one of approximately 200 full members of the National Association of Federal Equity Receivers. He understands how to be a fiduciary.

     *iv.*    <u>*Proposed Compensation & Reimbursement*</u>

27.    The Debtor intends to file a motion to establish interim compensation procedures in this case. The CRO proposes to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331, the Bankruptcy Rules, the Bankruptcy Local Rules, and any interim compensation order entered in these Chapter 11 Cases.

28.    Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, the Debtors propose to pay on an hourly basis the Proposed CRO and SALLC from funds of the Litigation Settlement Trust, as set out in the Engagement Agreement and summarized in the following chart:

| BILLER | RATE |
|---|---|
| W. Marc Schwartz (Proposed CRO) | $690.00 per hour |
| M. Christian Schwartz | $470.00 per hour |
| Managers | $350.00 per hour |
| Associates | $280.00 per hour |
| Analysts | $210.00 per hour |
| Administrative Staff | $95.00 per hour |

29.    Additionally, the Engagement Agreement provides that the Debtors shall be responsible for the reasonable and necessary documented out-of-pocket costs and expenses incurred by Proposed CRO and SALLC in connection with the engagement. SALLC will submit detailed documentation of all expenses incurred in connection with requests for reimbursement.

30.    The Debtors believe that the agreed terms of reimbursement, compensation, and hourly rates are reasonable. The CRO will notify the Debtors of any change in the hourly rates charged for services rendered while the Chapter 11 Cases are pending.

*v.*   *Retainer*

31.      The Debtors engaged the Proposed CRO prior to the Petition Date. The CRO received a retainer of $50,000 (the "Retainer"). The Proposed CRO has worked against the Retainer, and, as of the Petition Date, the amount remaining in the Retainer is approximately $20,018.00.[5]

32.      Pursuant to the Engagement Agreement, the Debtors propose that SALLC will hold the Retainer to be applied to SALLC's final fees and expenses at the conclusion of the engagement. The Proposed Order modifies the Engagement Agreement such that the Proposed CRO and SALLC shall not draw on the Retainer except upon order of the Court awarding final compensation and reimbursement in the Chapter 11 Cases.

*vi.*   *Connections*

33.      The Schwartz Declaration sets out the connections of the Proposed CRO and SALLC with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. To the best of the Debtors' knowledge, neither the Proposed CRO nor SALLC hold any connections other than those disclosed in the Schwartz Declaration.

34.      The Debtors believe that neither the Proposed CRO nor SALLC holds or represents any disqualifying interest that is adverse to the estate and each is a "disinterested person." If any new relevant facts or relationships are discovered, the Proposed CRO and SALLC will supplement its disclosure to the Court and the U.S. Trustee.

---

[5] The CRO will furnish the exact number left in the Retainer at any hearing on this Application or in a supplement.

## RELIEF REQUESTED

35.     The Debtors request that the Court enter an order substantially in the form of the Proposed Order authorizing the Debtors to retain the Proposed CRO and SALLC, effective as of the Petition Date pursuant to the terms of the Engagement Agreement, as modified by the Proposed Order.

## BASIS FOR RELIEF

36.     Subject to bankruptcy court approval, Bankruptcy Code § 327(a) authorizes trustees—and debtors-in-possession—to "employ one or more attorney's accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties . . . ."  Bankruptcy Code § 327(c) says that "[i]n a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."

37.     Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

a.   Be filed by the trustee or committee and served on the United States Trustee (except in cases under chapter 9 of the Bankruptcy Code);

b.   State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

c.   Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

**A.  The Proposed CRO and SALLC Meet the Requirements of Bankruptcy Code § 327(a)**

38.   Based on the Schwartz Declaration, the Debtors submit that neither the Proposed CRO nor SALLC hold or represent any disqualifying adverse interest and is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

39.   The Bankruptcy Code defines what it means to be a "disinterested person" Bankruptcy Code § 101(14):

> The term "disinterested person" means a person that— (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

40.   The Schwartz Declaration discloses no connections with the Debtors that would disqualify the Proposed CRO or SALLC as a "disinterested person" and the Debtors are aware of no connections in addition to those disclosed in the Schwartz Declaration.

**B.  This Application and the Schwartz Declaration Meet the Requirements of Bankruptcy rule 2014.**

41.   This Application and the Schwartz Declaration meet the requirements as set out in Bankruptcy Rule 2014. The Application is made by the Debtors and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Schwartz Declaration is a verified statement pursuant to 28 U.S.C. § 1746 that sets out all connections that the Proposed CRO and SALLC has with the Debtors, creditors, any other party in interest, their respective

attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The Debtors are not aware of any other connections in addition to those disclosed in the Schwartz Declaration.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order approving the employment of the Proposed CRO and SALLC effective as of the Petition Date, pursuant to the terms of the Engagement Agreement and grant any other appropriate relief.

Dated: April 18, 2022

**PARKINS LEE & RUBIO LLP**

*/s/R.J. Shannon*
Kyung S. Lee
TX Bar No. 12128400
R.J. Shannon
TX Bar No. 24108062
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Email: klee@parkinslee.com
        rshannon@parkinslee.com
Phone: 713-715-1660
Fax:    713-715-1699

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

## CERTIFICATE OF ACCURACY

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge and belief. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/R.J. Shannon*
R.J. Shannon

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, a true and correct copy of the foregoing document was served by (a) the Court's CM/ECF system on all parties registered to receive such service, (b) by U.S.P.S. first class mail on the parties indicated in the attached service list, and (c) the following parties by email:

Attn: Mark Bankson, William Ogden
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Attn: Alinor C. Sterlin, Christopher Mattei,
Matthew Blumenthal
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Norman A Pattis, Cameron L. Atkinson
Pattis & Smith, LLC
383 Orange Street
New Haven, CT 06511
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

Attn: Eric Henzy
Zeisler & Zeisler P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Ray Battaglia
Law Office of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

Attn: Avi Moshenberg, Nick Lawson, Matthew
Caldwell
McDowell Heterhington LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
matthew.caldwell@mhllp.com

Attn: Cordt Akers
The Akers Law Firm PLLC
Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Attn: Daniel DeSouza
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Richard S. Schmidt
615 Leopard, #635
Corpus Christi, TX 78401
rss@judgerss.com

Russell F. Nelms
115 Kay Lane
Westworth Village, TX 76114
rfargar@yahoo.com

Attn: W. Marc Schwartz
Schwartz Associates
712 Main Street, Ste. 1830
Houston, TX 77002
mschwartz@schwartzassociates.us

Attn: Matthew Okin
Okin Adams LLP
1113 Vine St., Ste. 240
Houston, TX 77002
mokin@okinadams.com

/s/ R. J. Shannon
R. J. Shannon

Alex E. Jones
c/o Jordan & Ortiz, P.C.
Attn: Shelby Jordan
500 North Shoreline Blvd, STE 900
Corpus Christi, TX 78401


Brennan Gilmore
c/o Civil Rights Clinic
ATTN: Andrew Mendrala
600 New Jersey Avenue, NW
Washington, DC 20001


Carlee Soto-Parisi
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Carlos Soto
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Christopher Sadowski
c/o Copycat Legal PLLC
3111 N. University Drive Ste. 301
Coral Springs, FL 33065


Dona Soto
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Erica Lafferty
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Francine Wheeler
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604

Free Speech Systems, LLC
c/o Law Office of Raymond W. Battaglia
66 Granburg Circle
San Antonio, TX 78218


Ian Hockley
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Jacqueline Barden
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Jennifer Hensel
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Jeremy Richman
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Jillian Soto
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Leonard Pozner
c/o Kaster Lynch Farrar & Ball LLP
1117 Herkimer
Houston, TX 77008


Marcel Fontaine
c/o Kaster, Lynch, Farrar & Ball LLP
1117 Herkimer
Houston, TX 77008


Mark Barden
c/o Koskoff Koskoff & Bieder

350 Fairfield Ave
Bridgeport, CT 06604


Neil Heslin
c/o Kaster Lynch Farrar & Ball LLP
1117 Herkimer
Houston, TX 77008


Nicole Hockley
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


PQPR Holdings Limited, LLC
c/o Eric Taub, Waller
100 Congress Ave STE 1800
Austin, TX 78701


Robert Parker
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


Scarlett Lewis
c/o Kaster Lynch Farrar & Ball, LLP
1117 Herkimer Street
Houston, TX 77008


Veronique De La Rosa
c/o Kaster Lynch Farrar & Ball LLP
1117 Herkimer
Houston, TX 77008


William Sherlach
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604


William Aldenberg
c/o Koskoff Koskoff & Bieder
350 Fairfield Ave
Bridgeport, CT 06604

Larry Klayman, Esq.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433

Randazza Legal Group
2764 Lake Sahara Dr STE 109
Las Vegas, NV 89117