# **EXHIBIT A**

**Engagement Agreement**



**Schwartz**Associates

712 Main Street, Suite 1830, Houston, TX 77002

April 7, 2022

**VIA EMAIL**

InfoWars, LLC
InfoWars Health, LLC
Prison Planet TV, LLC

VIA EMAIL: Shelby Jordan

**Re: Engagement of Chief Restructuring Officer**

Gentlemen:

This letter confirms that InfoW, LLC; InfoHealth, LLC; and, Prison Planet TV, LLC ("Clients") have engaged W. Marc Schwartz ("Consultant") of Schwartz Associates, LLC ("SALLC") to act as their Chief Restructuring Officer ("CRO"), effective as of March 31, 2022, to advise and lead its restructuring efforts involving the scope described herein, including a filing of the Clients under Subchapter V of the Bankruptcy Code.

SALLC understands that the purpose of the engagement is to continue stable operations while maximizing the values of Clients' assets, including negotiations with creditors of Clients and affiliates of the Clients to assure that creditors of the Clients have the best chance of recoveries on their claims. Consultant will work to maximize return and to assure a fair pro rata distribution to all unsecured creditors.

**I.     Scope of Engagement**

Subject to oversight by the Client's governing body, Consultant shall be in charge of Clients' restructuring process. It is agreed that Consultant's authority shall include, but not be limited to, the following:

1. Make business and debt restructuring decisions, including as it relates to business strategy and other key elements of the business;
2. Manage due diligence requests and other items requested by various constituents as part of the restructuring process;
3. Prepare cash flow forecast and related financial and business models;
4. Identify and implement short and long-term liquidity initiatives;
5. Prepare Statements of Financial Affairs and Schedules, Monthly Operating Reports, and other similar regular Chapter 11 administrative, financial, and accounting reports required by the United States Bankruptcy Court ("Bankruptcy Court") as well as provide necessary testimony before the Bankruptcy Court on matters within Consultant's areas of expertise;

1



**Schwartz**Associates

712 Main Street, Suite 1830, Houston, TX 77002

6. Review inventory marketability and provide monetization alternatives;
7. Make operational decisions with advice of appropriate governance body;
8. Implement cost containment measures;
9. Negotiate with creditors, prospective purchasers, equity holders, equity committees, official committee of unsecured creditors, and all other parties-in-interest and submit proposal for payment to Third Party Funding Contributors, trustees and the bankruptcy court;
10. Maximize value of Clients;
11. Be in charge of all business decisions of Clients, as necessary or required, utilizing Consultant's business judgment.
12. Be authorized, during normal business hours, to (a) review and analyze the books of account, bank accounts, accounting source documents and financial statements of Free Speech Systems, LLC ("FSS") including, but not limited to, QuickBooks accounts, bank statements and included documents, invoices, credit card processing reports, other documents reflecting cash receipts, invoices received and issued, and other accounting source documents (b) have read only access to all bank accounts used by FSS in the conduct of its business (c) have access to the personnel, managers, and /or financial professionals of FSS to interview and request additional documents or information.
13. Execute all documents and take all other acts necessary to effectuate restructuring of the Debtors, including in any case before the Bankruptcy Court, subject to approval of the trustees of the 2022 FSS Litigation Settlement Trusty (the "Litigation Settlement Trustees") or Boards of Directors or managers as applicable.

## II. Indemnification

Clients agree to indemnify, defend, and hold harmless Consultant, individually, and SALLC, its subsidiaries or affiliates, the respective partners, directors, officers, agents, contractors, and employees of SALLC and each other person, if any, controlling SALLC or its affiliates (individually or collectively) from and against any and all losses, claims, damages, liabilities, or costs, as, and when incurred, to which such party may become subject to or which are asserted against any party, directly or indirectly, in any way related to party while acting for the Clients under this agreement including, without limitation, in connection with i) any act or omission by party related to engagement as as financial advisor ("FA") or CRO under the Agreement or ii) Party's acceptance, performance or non-performance of obligations under said Agreement.

Clients will advance to the party amounts paid by the party for reasonable and documented legal or other expenses incurred by them, as and when incurred, in connection with investigating, preparing or defending any such losses, claims, damages, or liabilities or any action in respect thereof, whether or not in connection with existing,

2



**Schwartz**Associates

712 Main Street, Suite 1830, Houston, TX 77002

pending or threatened litigation against the party; provided, however, that the Clients shall not be liable under the foregoing indemnity agreement in respect of any liability to the extent that such liability is found to have resulted from party's gross negligence, bad faith, willful misconduct, or a breach of this agreement and party shall no later than ten days after a determination of gross negligence, bad faith, willful misconduct, or breach of this agreement refund such amounts previously advanced by Clients. If, in the opinion of counsel, representing both parties in this matter covered by this indemnification creates a potential conflict of interest, the party may engage separate counsel to represent them at the Clients' expense. Such funds shall be made available to the Clients as part of the monies to be requested under the Plan Support Agreement during and after the bankruptcy case of the Debtors.

### III.     Materials Provided

Clients agree to provide Consultant and SALLC with such financial and other available information as is reasonably required for SALLC to render the services performed or to be performed hereunder. Consultant and SALLC agree to review the information and identify any inaccuracies or omissions that are reasonably apparent on the face of the information provided.

### IV.     Work Product

Consultant and SALLC shall not disclose any confidential or privileged information to any third party, subject to the following exceptions: i) to SALLC's affiliates, vendors, or agents who provide services in connection with this engagement; ii) with Client's written consent; iii) when legally required to do so; or iv) if such information is available from public sources.

All records of Clients obtained by SALLC will be promptly returned to the Clients at the conclusion of this engagement.

### V.     Disclosures

Clients shall not disclose any work or analyses of SALLC or Consultant to any third party (other than any direct or indirect equity holder of the Clients) without prior written consent of Consultant, which shall not be unreasonably withheld. Neither SALLC nor Consultant shall disclose any information respecting the business, properties, books, and records of the Clients except to professionals hired by the Clients for purposes of this engagement, unless subpoenaed by a court of competent jurisdiction.

SALLC cannot assure that, following the completion of our internal conflict search, an engagement for or involving your creditors or other parties-in-interest or their respective attorneys and accountants will not be accepted by SALLC, its subsidiaries or affiliates. Should any potential conflict come to the attention of SALLC, we will endeavor to resolve such potential conflict and will determine what action needs to be taken. You



712 Main Street, Suite 1830, Houston, TX 77002

agree that you will comprehensively inform us of the parties-in-interest to this matter of or additions to, or name changes for, those parties-in-interest whose names you provided.

SALLC may have provided, currently provide, or provided in the future, services to Clients' creditors, other parties-in-interest, and their respective attorneys and accountants in matters or engagements unrelated to this engagement. You agree that party shall not have responsibility to Clients relating to such professional services, nor any responsibility to use or disclose information SALLC possess by reason of such services, whether such information might, by itself or others, be considered material to Clients.

SALLC has performed an internal search for any such conflict of interest with respect to the Clients, its officers, directors, creditors, and other parties and has found no conflicts of interest.

### VI.  Term & Termination

This agreement shall remain in effect until the earlier of i) the completion of the Support Period of the Clients, ii) Execution of a comprehensive debt restructuring agreement, iii) Confirmation and completion of a plan of reorganization, iv) SALLC or Consultant's resignation, or v) Termination of the agreement by either party upon seven (7) calendar days' written notice.

SALLC may terminate this agreement without notice if Clients fail to make payments when due hereunder.

### VII.  Compensation

For services provided described herein, SALLC shall be compensated for the services of Consultant on an hourly fee bases of $690.00 per hour.

If, in consultant's sole judgment, it is determined that additional services are required to assist with the scope of this engagement as outlined by this Agreement, consultant may employ SALLC, which shall be compensated at the following hourly rates

| | |
|---|---|
| M. Christian Schwartz: | $470 per hour |
| Managers: | $350 per hour |
| Associates: | $280 per hour |
| Analysts: | $210 per hour |
| Administrative Staff | $95 per hour |

Clients shall be responsible for Consultant's and SALLC's reasonable and necessary documented out-of-pocket costs and expenses incurred in connect with this



712 Main Street, Suite 1830, Houston, TX 77002

engagement. SALLC will provide to Clients detailed documentation of all expenses incurred.

SALLC acknowledges that, should Clients seek relief under Title 11 of the United States Code, and the Clients apply for authorization to retain and employ Consultant and SALLC, the Clients' payment of consultant's and SALLC's fees and expenses shall be subject to Bankruptcy Court approval. The provisions of this paragraph shall not limit nor restrict the indemnification and contribution provisions set forth in this Agreement.

### A. Retainer

In order to commence the engagement, SALLC requires a retainer payment in the amount of $50,000 for the representation of Clients. The retainer will be held and applied to SALLC's final fees and expenses at the conclusion of the engagement. However, SALLC reserves the right to apply the retainer, at any time, to any outstanding fees and expenses owed to SALLC by Clients. SALLC must receive the retainer payment as well as the signed copy of this letter before the firm will take any action or be deemed to represent you. If this agreement is terminated prior to incurring fees and expenses in excess of retainer amount, the balance shall be refunded to Clients within thirty days.

### B. Invoicing

Prior to filing bankruptcy invoices reflecting the services of SALLC, including the services of Consultant, shall be prepared and submitted monthly and paid no later than seven (7) business days thereafter through draws on the retainer. In the event the retainer balance is exhausted Client shall pay the invoice within seven (7) business days and deposit and replenish the retainer balance to $50,000.. In case of a disputed invoice, Client agrees to pay undisputed part of any fees. Expense charges shall be submitted to Clients no later than 30 days after expense was incurred or immediately upon approval of Bankruptcy Court. For any recurring monthly charges, payment is to be made on the first day of each month. Upon filing bankruptcy, invoices shall be submitted and paid in accordance with the orders of the Bankruptcy Court.

### VIII. Authorization

The Clients represent that this Agreement outlines the engagement and has been approved by Clients' Boards of Directors or managers (as appropriate) and that the individual that signs this Agreement on behalf of the Clients has been duly authorized to do so, including express consent of the Litigation Settlement Trustees, Boards of Directors or Managers.

Further, it is acknowledged that future economic, operational performance or the confirmation success of a Chapter 11 plan of reorganization or liquidation cannot be guaranteed. The monthly fees and related expenses to be paid by Clients to Consultant and SALLC are not contingent upon the results of this engagement and neither consultant



**Schwartz**Associates

712 Main Street, Suite 1830, Houston, TX 77002

nor SALLC warrant or predict results or developments during the term of this engagement.

SALLC's maximum liability relating to services rendered under this letter (regardless of form of action, whether in contract, negligence, or otherwise) will be limited to the charges paid to SALLC for the portion of its services or work products giving rise to liability. In no event shall SALLC be liable for consequential, special, incidental, or punitive loss, damage or expense (including, without limitation, lost profits, opportunity costs, etc.) even if it has been advised of their possible existence.

Please acknowledge your agreement with the terms of this engagement letter and have your client do the same by signing and dating below. Once executed, a copy will be delivered to you via email. If you have any questions regarding this engagement letter, please call me at (832) 583-7021.

Very truly yours,

W. Marc Schwartz

**CONFIRMED AND AGREED**

InfoW, LLC
By: _____
Date: 4/11/22

Invoices should be sent to:
Name: _____
Email: _____

InfoHealth, LLC
By: _____
Date: 4/11/22

Prison Planet TV, LLC
By: _____
Date: 4/11/22

6