**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**KEVIN M. EPSTEIN, UNITED STATES TRUSTEE**
**REGION 7, SOUTHERN and WESTERN DISTRICTS OF TEXAS**
**JAYSON B. RUFF, TRIAL ATTORNEY**
**HA M. NGUYEN, TRIAL ATTORNEY**
**515 Rusk, Suite 3516**
**Houston, TX 77002**
**Telephone: (713) 718-4650 Ext 252**
**Fax: (713) 718-4680**
**E-Mail: jayson.b.ruff@usdoj.gov**
**E-Mail: Ha.Nguyen@usdoj.gov**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **INFOW, LLC** *et al.* | § | **CASE NO. 22-60020** |
| | § | |
| | § | **CHAPTER 11 (Subchapter V)** |
| | § | **Jointly Administered** |
| **DEBTORS.**[1] | § | |

**OBJECTION OF UNITED STATES TRUSTEE TO**
**DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING APPOINTMENT**
**OF RUSSELL F. NELMS AND RICHARD S. SCHMIDT AS TRUSTEES OF THE 2022**
**LITIGATION SETTLEMENT TRUST AND GRANTING RELATED RELIEF**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

    Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), objects to

the *Debtors' Emergency Motion for Order Authorizing Appointment of Russell F. Nelms and*

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005).  The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

*Richard S. Schmidt as Trustees of the 2022 Litigation Settlement Trust and Granting Related Relief*
[Dkt. No. 6] (the "Motion")[2], and represents as follows:

## I.        Preliminary Statement

The filing of these three subchapter V cases raises numerous questions—the answers to which may demonstrate these cases are an abuse of the bankruptcy system.  Alex Jones and Free Speech Systems, LLC ("FSS") (collectively, the "Alex Jones Entities") are not debtors, but they are defendants along with Debtors in numerous lawsuits regarding the 2012 Sandy Hook shootings —and it was an imminent trial on damages that allegedly precipitated these filings.  Alex Jones owns 100% of FSS (the entity that appears to generate virtually all of the revenue among the Jones-owned entities) and owned 100% of Debtors before he transferred all of his equity in the Debtors to the Litigation Settlement Trust just before filing these bankruptcy cases.[3]  Why didn't Alex Jones or FSS file for bankruptcy relief when Debtors did?  They are both defendants in the same litigation as Debtors, and all of them have been found liable in those cases—in unliquidated amounts.  Moreover, Debtors' assets are estimated to be virtually nil for a case of this significance ($50,000), while Alex Jones and FSS are fully funding the administrative expenses of these bankruptcy cases without filing themselves.  Why?  It appears that Jones intends to leverage the bankruptcy filings of his holding companies to extend the automatic stays of pending litigation against Debtors to him and FSS, while he maintains full control of FSS and its assets going forward.  Thus, this Motion to appoint the trustees for the Litigation Settlement Trust seems to be just the first step for Debtors to carry out Jones's and FSS's scheme of avoiding the burdens of bankruptcy while reaping its benefits.  The Court and parties in interest must be given more time

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
[3] See Motion ¶¶ 7-9.

to consider these and other critical questions that may dictate the ultimate outcome of these cases, and the Motion is thus premature and should be denied or at least deferred.

Moreover, the relief sought is not authorized by the Bankruptcy Code. These are not section 1104 trustees. These are not post-confirmation trustees whose identities must be disclosed before plan confirmation. Rather, the trustees are simply acting as management of the Debtor LLCs, and bankruptcy courts do not typically approve the appointment of board members or the managers of companies outside of section 1104. Thus, the Motion seeks relief beyond that which the bankruptcy court has authority to grant under section 105 and would provide non-debtor parties extraordinary control over these cases and extraordinary benefits without the ability of all parties in interest and the Court to investigate whether such relief is appropriate. Moreover, much of the relief that would be subsumed in making such an appointment is objectionable, including exculpating fiduciaries before they even begin their work. Exculpation, to the extent it is ever appropriate, is only appropriate at the conclusion of one's service.

Given the many outstanding questions, there is no reason to hear this Motion on an exigent basis because there is no emergency here. Debtors cite to no immediate or irreparable harm that will be caused if the Court does not hear the Motion on an emergency basis. There is a Trustee in place, and the Declaration of Trust that created and governs the Litigation Settlement Trust provides no less than 45 days for the Litigation Settlement Trustees to be put into place.[4] Further, the stated purpose of the Litigation Settlement Trust is to be incorporated into a confirmed plan.[5] As of the date of the Motion no plan had been proposed, let alone confirmed. Given these facts,

---

[4] See § 2.1 of the Declaration of Trust attached as Exhibit A to the Motion and filed at Dkt. No. 6-2. Moreover, the parties to the Declaration of Trust can extend the 45 days.
[5] See the "Whereas" clauses to the Declaration of Trust. *Id*. at pgs. 5-6.

the Motion should be heard on at least 21 days' notice to allow interested parties in these bankruptcy cases to appear and be heard.

## II.    Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

1.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district under 28 U.S.C. § 1408.

2.      This Court has constitutional authority to enter a final order in this matter.  If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

3.      Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7.  The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.  11 U.S.C. § 307.

4.      The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code.  28 U.S.C. § 586(a)(3).

## III.    Factual Background

### A. General Information

5.      On April 17, 2022 (the "Petition Date"), Debtors filed chapter 11 voluntary petitions and elected to proceed under Subchapter V of chapter 11 on their respective Petitions.

6.      On April 18, 2022, the Court entered the Order directing joint administration of the chapter 11 cases solely for procedural purposes.  *See* Dkt. No. 8.

4

7.      On April 18, 2022, the U.S. Trustee appointed Melissa Haselden as Debtors' Subchapter V Trustee.  *See* Dkt. Nos. 9 and 12.

**B. The Litigation Settlement Trust and Trustees**

8.      The Motion seeks the Court's authority to appoint the Litigation Settlement Trustees for a Litigation Settlement Trust that was established on April 14, 2022, just days prior to the Petition Date.

9.      Most of the terms of the Proposed Order are simply a restatement of what the Declaration of Trust already provides for, including:

- Exculpation of claims against Litigation Settlement Trustees;[6]

- Powers and duties of the Litigation Settlement Trustees;[7]

- Reimbursement and compensation of the Litigation Settlement Trustees;[8]

- Resignation notice requirements for the Litigation Settlement Trustees;[9] and

- Removal of the Litigation Settlement Trustees.[10]

10.      If granted, the Motion will not only authorize the appointment of the Litigation Settlement Trustees but will also put the Court's imprimatur on the exculpation and release of the Litigation Settlement Trustees, their employees, agents, advisors, and professionals from liability for their acts or omissions connected to these chapter 11 cases.  Such exculpations and releases would be premature, given that the Litigation Settlement Trustees have not yet performed their duties under the Litigation Trust Settlement Agreement.

**IV.      Argument**

---

[6] See §3.10 of the Declaration of Trust. Dkt. No. 6-2 at pg. 22.
[7] See Article 3 of the Declaration of Trust. Dkt. No. 6-2 at pgs. 16-23.
[8] See §2.4 of the Declaration of Trust. Dkt. No. 6-2 at pg. 16.
[9] See §2.3(b) of the Declaration of Trust. Dkt. No. 6-2 at pg. 15.
[10] See §2.3(c) of the Declaration of Trust. Dkt. No. 6-2 at pg. 15.

5

11.     Section 105(a) gives bankruptcy courts the equitable power to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code, and it is in this section that bankruptcy courts find their general equitable powers.  *See Omni Mfg., Inc. v. Smith (In re Smith)*, 21 F.3d 660, 665 (5th Cir. 1994).

12.     Those powers, however, "have their limits," *Id.*, and "can only be exercised within the confines of the Bankruptcy Code."  *Law v. Siegel,* 571 U.S. at 415, 421 (2014) (internal quotations and citations omitted), and *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 99 L. Ed. 2d 169, 108 S. Ct. 963 (1988); *see also Southmark Corp. v. Grosz (In re Southmark Corp.)*, 49 F.3d 1111, 1116 (5th Cir. 1995) (stating that § 105(a) "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law," or "to act as roving commissions to do equity") (internal quotation marks omitted); *In re Fesco Plastics Corp.*, 996 F.2d 152, 154 (7th Cir. 1993) ("Under this section, a court may exercise its equitable power only as a means to fulfill some specific Code provision. By the same token, when a specific Code section addresses an issue, a court may not employ its equitable powers to achieve a result not contemplated by the Code.") (citations omitted).

13.     Section 105 does not support the relief sought by the Debtors because the Motion is not seeking to carry out any provision of the Bankruptcy Code; rather, the Motion is seeking to effectuate a matter of corporate governance.  The Motion is thus both premature and superfluous.

14.     Debtors argue in support of the Motion that the Litigation Settlement Trustees have required as a condition of their acceptance of the role that the Court approve their appointment and the terms of the proposed Order.  Even if section 105 authorized the relief requested by Debtors, this is not a sufficient basis to grant the Motion.  The Litigation Settlement Trustees have the protections of the Declaration Trust and applicable law.  If that protection is not sufficient, they do

not have to accept the role. But in any event, that is not an issue for this Court. The Court should not be appointing what are in effect board members of the Debtors, no matter how qualified they are.

15.    Moreover, the Motion seeks Court approval for exculpation and release provisions benefiting the non-debtor Trustees in the Litigation Settlement Trust agreement. While third parties are free to enter into agreements, Debtors are taking this a step further by seeking an emergency court order to enforce such agreement on third parties. Court-ordered exculpation in chapter 11, to the extent permitted, is a backward-looking doctrine that allows courts to free parties from litigation risk over events that took place during a case and were approved by a court with appropriate jurisdiction provided those parties did not act negligently or in bad faith. It is not meant to bless events that will take place in the future, over which the Court has not had any oversight role. Similarly, releases cannot excuse conduct that has not yet occurred. Such a pre-approved release would be tantamount to a "get out of jail free card."

16.    Debtors also argue that the Litigation Settlement Trust is an integral part of a consensual plan and that the Litigation Settlement Trust needs the Litigation Settlement Trustees in place to make a consensual plan achievable. But while confirmation of a consensual plan is an important element of any chapter 11 case, there is no plan on file. These cases were filed only days ago. As discussed above, there is much that is still unknown about these cases and much that will need to be known before negotiations toward a consensual plan can even begin. And under the statute, the appointed Subchapter V Trustee will have a vital role to play in the negotiation and development of that plan, along with the Debtors. *See* 11 U.S.C. § 1183(b)(7). There is no need to immediately appoint these Litigation Settlement Trustees to perform that role.

17.     In any event, Debtors should not be permitted to stack the deck prepetition to create the perceived necessity for a certain outcome like that sought by the Motion.  There was no requirement that the Alex Jones Entities transfer the equity of the Debtors into the Litigation Settlement Trust and set these cases up as they have.  The Alex Jones Entities could instead have chosen to file bankruptcy, received the benefit of the automatic stay provisions of section 362 of the Bankruptcy Code, and directly been a part of the negotiations and facilitation of a consensual plan (which plan may have utilized the vehicle of a settlement trust).  Were the cases set up this way, all parties in interest would have had transparency into the assets and liabilities of all the parties, including Alex Jones and FSS, that are relevant and necessary for successful completion of these cases.  Instead, Debtors and the Alex Jones Entities have tried to precast the outcome with the creation of the Litigation Settlement Trust to avoid shining a light on the entities left out of this filing—entities that are at the very fulcrum of these cases and the disputes that led to them— without input from the Sandy Hook Plaintiffs or any other party in interest.

18.     The Court should not accept Debtors' improper invitation to engage in matters of corporate governance and pre-approve a process essential to a plan that has yet to be filed.[11] Whatever the Debtors' intentions are, the Motion is unquestionably premature and must be denied or at the very least deferred, to better allow all parties reasonable time to consider the numerous serious questions raised in these cases.  Reliance on Section 105(a) is unauthorized, and its use in this context would serve as a bad precedent for others to manipulate the system by purposefully stacking the deck against the most vulnerable of creditors.

### V. Conclusion

---

[11] It is worth noting that unless the Court determines there is cause for the appointment of a creditors' committee and orders the appointment of one, the U.S. Trustee is prohibited from soliciting and appointing a committee of unsecured creditors in a subchapter V case such as these cases. 11 U.S.C. § 1102(a)(3).

WHEREFORE the U.S. Trustee respectfully requests that this Court deny the Motion and grant such other and further relief as it may deem just and proper.

Dated:  April 21, 2022                              Respectfully Submitted,

                                                    KEVIN M. EPSTEIN
                                                    UNITED STATES TRUSTEE

                                                    By: /s/*Jayson B. Ruff*
                                                    Jayson B. Ruff
                                                    Trial Attorney
                                                    United States Department of Justice
                                                    Office of the United States Trustee
                                                    Michigan Bar No. P69893
                                                    Houston, TX  77002
                                                    Telephone:  (713)718-4650 ext. 252
                                                    Facsimile:  (713)718-4670

                                                    */s/ HA M. NGUYEN*
                                                    Ha Nguyen, Trial Attorney
                                                    CA Bar #305411 | FED ID NO. 3623593
                                                    United States Department of Justice
                                                    Office of the United States Trustee
                                                    515 Rusk Street, Suite 3516
                                                    Houston, Texas 77002
                                                    E-mail: Ha.Nguyen@usdoj.gov
                                                    Cell: 202-590-7962

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 21st day of April, 2022.

                                                    /s/*Jayson B. Ruff*

Jayson B. Ruff