IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-60020 |
| | § | |
| INFOW, LLC, *et al.*, | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtors¹ | § | Jointly Administered |

**EMERGENCY MOTION FOR CONTINUANCE OF HEARING ON DEBTORS' (I) EMERGENCY MOTION FOR ORDER AUTHORIZING APPOINTMENT OF RUSSELL F. NELMS AND RICHARD S. SCHMIDT AS TRUSTEES OF THE 2022 LITIGATION SETTLEMENT TRUST AND GRANTING RELATED RELIEF AND (II) EMERGENCY APPLICATION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING EMPLOYMENT OF W. MARC SCHWARTZ AS CHIEF RESTRUCTURING OFFICER, (B) AUTHORIZING EMPLOYMENT OF STAFF OF SCHWARTZ ASSOCIATES, LLC IN DISCHARGE OF DUTIES AS CHIEF RESTRUCTURING OFFICER, AND (C) GRANTING RELATED RELIEF**
**[Related to ECF Nos. 6 and 7]**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Relief is requested on or before April 22, 2022 at 9:00 a.m.**

---

¹ The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, Richard M. Coan, Trustee of the Bankruptcy Estate of Erica Lafferty, William Sherlach, and Robert Parker (collectively, Movants) hereby file this emergency motion (Motion for Continuance) for a continuance of the hearing on the *Debtors' Emergency Motion for Order Authorizing Appointment of Russell F. Nelms and Richard S. Schmidt as Trustees of the 2022 Litigation Settlement Trust and Granting Related Relief* [Dkt. 6] (the Litigation Trustee Motion) and *Debtors' Emergency Application for Interim and Final Orders (A) Authorizing Employment of W. Marc Schwartz as Chief Restructuring Officer, (B) Authorizing Employment of Staff of Schwartz Associates, LLC in Discharge of Duties as Chief Restructuring Officer, and (C) Granting Related Relief* [Dkt. 7] (the CRO Application and, collectively with the Litigation Trustee Motion, the Debtors' Emergency Motions), and respectfully state as follows:

## I. INTRODUCTION

1. On effectively no notice, three entities with no business, no financial records, purportedly no meaningful assets, and no ability on the surface to make meaningful distributions, and which were, until recently, fully owned by Alex Jones, are asking this Court to bless a process concocted and funded by parties not before this Court—namely Alex Jones (Jones) and Free Speech Systems, LLC (FSS).[2]

---

[2] Notably, it appears counsel for Jones and FSS have entered notices of appearance but failed to identify them as the interested parties for whom they represent.

2.  Movants are not creditors in the traditional sense to which this Court is accustomed. They did not loan Jones money or become the victim of some fraudulent scheme designed to take their money. Instead, they are the immediate family members of children and educators killed in the Sandy Hook Elementary School shooting on December 14, 2012, and one first responder to that shooting, who are also victims of Jones and his entities' abhorrent behavior (for which liability has been established). They are plaintiffs in three consolidated actions currently pending in Connecticut (the Connecticut Litigation) against Alex Emric Jones and his companies, Debtors InfoW, LLC (fka Infowars, LLC), IWHealth, LLC (fka Infowars Health, LLC), and Prison Planet TV, LLC, and non-debtor Free Speech Systems, LLC (collectively, the Jones Defendants), and other non-debtors.

3.  For more than five years, Jones, through his media empire, targeted these families. Jones and his Infowars "contributors" told an audience of millions that the Sandy Hook shooting was "a synthetic completely fake with actors," a "hologram," an "illusion" and "the fakest thing since the three-dollar bill," "staged" to take away their guns, and that the Sandy Hook families were "paid . . . totally disingenuous" "crisis actors" who faked their loved ones' deaths. Jones urged the audience to "investigate," knowing his audience would respond by cyberstalking, harassing, and threatening the families.³ These are only a few excerpts from the families' 39-page, 394-paragraph initial complaint, which alleges a course of conduct sounding in false light, negligent and intentional

---

³ Attached as **Exhibit A** is a true and correct copy of the Wheeler Plaintiffs Original Complaint. The citations to the quotations, in the order they appear, are: **Ex. A**, Complaint ¶ 185 (Jones on his radio show); ¶ 223 (Jones on his radio show); ¶¶ 140-41 (non-debtor defendants Wolfgang Halbig and Jones on Jones's radio show); ¶¶ 117, 273 (Jones on his channel and at a press conference), ¶¶ 138, 149, 223 (Jones on his radio show); ¶ 295 (statement by an Infowars "contributor" on Jones's radio show); ¶¶ 112, 120-21, 185, 197 (Jones on his channel and on his radio show). Identical allegations appear in the complaints in the consolidated actions brought by Sherlach and Parker.

**EMERGENCY MOTION FOR CONTINUANCE—PAGE 3**

infliction of emotion distress, violation of the Connecticut Unfair Trade Practices Act, and defamation.

4.     The Connecticut Litigation has proceeded in Connecticut Superior Court for nearly four years, and, from the beginning, the Jones Defendants resisted the authority of the Connecticut Superior Court by every conceivable means. They removed twice to the United States District Court and were remanded twice. Jones was sanctioned in June 2019 for repeated violations of the court's discovery orders and threatening conduct toward plaintiffs' counsel, a sanction affirmed by the Connecticut Supreme Court in *Lafferty v. Jones*, 336 Conn. 332, 374, 377 (2020) (describing Jones' course of conduct as "a whole picture of bad faith litigation misconduct"). On remand, Jones continued to flaunt court orders and his discovery obligations by falsely denying the existence of certain financial records, producing fabricated financial records and simply refusing to produce analytics data concerning revenue and content distribution. In October 2021, knowing a sanction of default was likely imminent as a result of their continued misconduct, the Jones Defendants attempted to avoid it by moving to recuse the Connecticut Superior Court judge who presided over the case since its inception. The court denied the motion, finding that the Jones Defendants had not shown any "judicial bias, partiality, or impropriety." On November 15, 2021, the Court entered a default against the Jones Defendants, finding that the sanction was necessary "given the scope and extent of the discovery material that the defendants have failed to produce."

5.     And now on April 17 and 18, 2022, in yet another delay to avoid the adjudication of the claims pending in the Connecticut Litigation (and to avoid an imminent trial setting in Travis County, Texas, on similar claims brought by other Sandy Hook families), the three Debtors, at Jones' direction, filed for relief under chapter 11,

subchapter v, of the Bankruptcy Code. But instead of avoiding the alleged "race to the courthouse" as is trumpeted by Debtor's counsel, what Jones and his affiliates want to avoid is the wisdom of juries that would have liquidated his liability and the liability of his affiliates, including these Debtors. Indeed, the Debtors removed both the Travis County litigation and the Connecticut Litigation within hours of the bankruptcy filings. With due respect to this Court, notwithstanding these bankruptcy cases, Connecticut and Texas juries are the only proper arbiter of the claims made against the Debtors, Jones, and FSS.

6. On the same day the Debtors filed for bankruptcy protection, they also filed the Emergency Motions, with a hearing set a few days later. Both the Litigation Trustee Motion and the CRO Motion seek broad, sweeping relief. On their face they are troubling, but before consideration is given to their merits, there needs to be a focus on whether this process is legitimate. The ramifications of the relief sought in these motions and the resulting prejudice to the Movants are unclear. Movants were only able to retain the undersigned counsel yesterday, April 20, 2022, and none of the Movants, the undersigned counsel, or Movants' counsel in the Connecticut Litigation will have the opportunity to fully analyze and respond to the relief sought in the Litigation Trustee Motion and the CRO Motion by the current Friday, April 22, 2022 hearing date.

7. The attempt to afford Jones and FSS, the entities with the assets and money, protection of the automatic stay and use of a state court trust document and trustees in an unknown role to get them releases is illegitimate. This Court should not allow the

Debtors to rush it past threshold consideration of whether these cases are legitimate and filed in good faith.[4]

8.  Movants are also deeply concerned that this Court was specifically selected by these Debtors and Debtors' counsel to avoid venue in the Western District of Texas. Given that these Debtors, Jones, and FSS come before this Court having been defaulted in Connecticut *and* Texas for their repeated and willful violations of court orders and their persistent bad faith litigation tactics, this Court cannot on its face accept that anything about this case is appropriate. The Court should also be aware that the Debtors, Jones, and FSS have previously sought relief in federal courts only to have their cases remanded and have further sought to recuse and/or remove judges because those judges did not tolerate their abhorrent behavior. In the Connecticut Litigation, Jones already unsuccessfully appealed his death penalty sanctions to the Connecticut Supreme Court.

9.  Finally, there is no emergency requiring immediate authorization of a chief restructuring officer. Mr. Schwartz is already the CRO of these entities, and if he is not, and requires a court order for this role, then these cases must be dismissed because he signed the voluntary petitions for each debtor in the role of CRO. Mr. Schwartz has already been paid at least $50,000 of which he admits to spending over $30,000. Further, there is no emergency requiring immediate appointment of the Litigation Trustees. The hearings on the Emergency Motions should be continued and, ultimately, denied.

---

[4] Movants, in addition to objecting to any relief requested in this case, also intend to do what it hopes the United States Trustee will be doing, namely seeking dismissal and/or conversion of these cases as well as assessing the venue of these cases. As discussed below, the Court should be aware that a quick review of records of the Secretary of State of Texas shows that two of these three Debtors all claimed in November 2021 that they were domiciled and had their principal place of business in Austin.

## II. MOVANTS' REQUEST FOR EMERGENCY RELIEF

10. Movants request emergency consideration of their Motion for Continuance on or before April 22, 2022 at 9:00 a.m., the current hearing setting on Debtor's Emergency Motions for which this continuance is sought. Movants seek entry of an order continuing Debtors' Emergency Motions until such time as the motions can be fully analyzed, considered, and evaluated, including consideration of other issues that this Court should consider as to whether any hearing should be had on these applications/motions when the underlying filings of these cases is so fraught with illegitimacy. Movants requested relief seeks to avoid irreparable harm as: (1) there is no legitimate basis for the Debtors' request for emergency relief; (2) the notice and time afforded to respond to Debtors' Emergency Motions is insufficient for the Movants and other creditors to meaningfully analyze the issues and substantively respond; (3) the Debtors' chapter 11 cases are fatally flawed and ripe for dismissal on multiple grounds;[5] and (4) Debtors' Emergency Motions seek relief that could very well prejudice Movants and other similarly-situated parties.

## III. JURISDICTION AND VENUE

11. The United States Bankruptcy Court for the Southern District of Texas (the Court) has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(A).

12. However, venue is improper pursuant to 28 U.S.C. § 1408 as this district is not the district in which "the domicile, residence, principal place of business in the United

---

[5] Movants' motions for dismissal of Debtors' bankruptcy cases and alternative motion to transfer venue will be filed as soon as possible. Movants reserve all, including a motion to dismiss and, in the alternative, transfer venue. Movants reserve their rights to these challenges herein.

States, or principal assets in the United States" of Debtors have been located for the 180 days immediately preceding Debtors' filing for bankruptcy or for a longer part of such 180 days than in any other district. That venue is with the Bankruptcy Court for the Western District of Texas.

### IV. PROCEDURAL BACKGROUND

13. Debtors and the other Jones Defendants are defendants in the Connecticut Litigation. Movants are David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, Richard M. Coan, Trustee of the Bankruptcy Estate of Erica Lafferty (collectively, the Wheeler Plaintiffs), William Sherlach (Sherlach), and Robert Parker (Parker, and together with the Wheeler Plaintiffs and Sherlach, the Connecticut Litigation Plaintiffs or Movants).

14. On May 23, 2018, the Wheeler Plaintiffs filed a Complaint under case number FSB-CV18-6075078-S in the Judicial District of Fairfield at Bridgeport, Connecticut (Wheeler Litigation).

15. On or about July 2, 2018, Sherlach filed a Complaint under case number FBT-CV18-6076475-S in the Judicial District of Fairfield at Bridgeport, Connecticut (Sherlach Litigation).

16. On or about November 15, 2018, Sherlach and Parker filed a Complaint under case number FBT-CV18-6081366-S in the Judicial District of Fairfield at Bridgeport, Connecticut (Sherlach and Parker Litigation).

17. Thereafter, on March 8, 2019, the Wheeler Litigation, Sherlach Litigation, and Sherlach and Parker Litigation were ordered to the Complex Litigation Docket of Waterbury under case numbers X06-UWY-CV18-6046436S, X06-UWY-CV18-

6046437S, and X06-UWY-CV18-6046438S, respectively, and are consolidated and referred to herein as the Connecticut Litigation.

18. On Sunday, April 17, 2022, Debtor InfoW, LLC (fka Infowars, LLC) filed a voluntary petition for relief under chapter 11, subchapter v, of the Bankruptcy Code.

19. In its petition, Debtor InfoW, LLC alleged that its principal place of business is 5606 N. Navarro, STE 300-W, Victoria, TX 77904; that its mailing address is P. O. Box 1819, Houston, TX 77251-1819; and that its domicile, principal place of business, and/or principal assets have been in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. However, the Debtor's year and year filings with the Texas Secretary of State (including November of 2021) show consistently that Debtor InfoW, LLC's domicile, principal place of business, and principal assets are located in Austin, Travis County, Texas.[6]

20. On Monday, April 18, 2022, Debtors IWHealth, LLC (fka Infowars Health, LLC) and Prison Planet TV, LLC also filed voluntary petitions for relief under chapter 11, subchapter v, of the Bankruptcy Code.[7]

21. They similarly alleged that their principal places of business are 5606 N. Navarro, STE 300-W, Victoria, TX 77904; that their mailing addresses are P.O. Box 1819, Houston, TX 77251-1819; and that their domiciles, principal places of business, and/or principal assets have been in this district for 180 days immediately preceding the date of

---

[6] Attached are true and correct copies of Debtor InfoW, LLC's certificate of formation at **Exhibit B**, public information reports at **Exhibit C**, recent change of registered agent at **Exhibit D**, and recent change of name at **Exhibit E.**

[7] *See In re IWHealth, LLC,* Case No. 22-60021, Bankr. S.D. Tex. [Dkt. 1]; *In re Prison Planet TV, LLC*, Case No. 22-60022, Bankr. S.D. Tex. [Dkt. 1].

this petition or for a longer part of such 180 days than in any other district.[8] However, the Debtors' year and year filings with the Texas Secretary of State, which instead show that Debtors IWHealth, LLC and Prison Planet TV, LLC's domicile, principal place of business, and principal assets are also located in Austin, Travis County, Texas.[9]

22. Debtors' chapter 11 cases are being jointly administered pursuant to the Court's Order for Joint Administration [Dkt. 8].

23. On Monday, April 18, 2022, the same day IWHealth, LLC and Prison Planet TV, LLC filed petitions for relief under the Bankruptcy Code, the Debtors filed their Emergency Motions [Dkt. 6] and [Dkt. 7].

24. Debtor set the hearing on their Emergency Motions four days later on April 22, 2022 at 9:00 a.m. with notice filed for the hearing on April 19, 2022 [Dkt. 13].

25. The basis for such emergency relief in the Litigation Trustee Motion merely states that appointment of the Litigation Trustees is "necessary so that the Debtors' corporate governance is in the hands of two individuals well-versed in fiduciary law and with years of experience supervising debtors to maximize recoveries for creditors." This is baseless as Mark Schwartz is already the chief restructuring officer and signed the petitions. The Trustees of a non-trust would have no authority to direct the Debtors in their bankruptcy cases, and in this case, since the Trust is to be supplied with funding from non-debtors, Jones and FSS, it is unclear what, if anything, they would be doing, why multiple trustees are necessary.

---

[8] *See* Case No. 22-60021 [Dkt. 1]; Case No. 22-60022 [Dkt. 1].

[9] Attached are true and correct copies of Debtor IWHealth, LLC's certificate of formation at **Exhibit F**, public information reports at **Exhibit G**, recent change of registered agent at **Exhibit H**, and recent change of name at **Exhibit I** and Prison Planet TV, LLC's certificate of formation at **Exhibit J**, public information reports at **Exhibit K**, and recent change of registered agent at **Exhibit L**.

26. Similarly, the emergency basis for relief in the CRO Application merely states the appointment of a chief restructuring officer and related staff "is necessary for the Debtors to adequately perform their duties as debtors-in-possession, including preparation of schedules of assets and liabilities, compliance with reporting requirements, and preparation of financial information and testimony." Mr. Schwartz has already been paid $50,000 and signed the petitions. He has also incurred fees related to this engagement of over $30,000. For three non-operating entities, who his own affidavit confirms do not have financial statements or tax returns, there would seem little to do to prepare schedules, statements, or to testify.

27. Movants file this Motion for Continuance to have adequate time and opportunity to respond, not only to the relief sought but also to raise challenges to the legitimacy of the filings, venue, and jurisdiction.

V. **ARGUMENT**

**A.** *Contrary to Movants' Motion, Debtors fail to establish a basis requiring emergency relief.*

28. Bankruptcy Local Rule 9013-1(i) requires any emergency motion to include "a detailed statement [of] why an emergency exists, and the date relief is needed to avoid the consequences of the emergency" and to certify the accuracy of this information. *See* BLR 9013-1(i). Procedures for this Court require movants to "include an explanation in the body of the motion setting forth why emergency consideration is required and the harm that will be suffered if emergency relief is not obtained." *See* Court Procedures at ¶ 5. Debtors' Emergency Motions do not contain a detailed statement of why an emergency exists, an explanation setting forth why emergency consideration is required, or what harm will be suffered if emergency relief is not obtained. *See* Litigation Trustee

Motion at ¶¶ 1, 20-26; CRO Application at ¶¶ 1, 35-41. The Debtors provide no explanation for why the appointment of Litigation Trustees or a chief restructuring officer and related staff is an emergency or what harm will be suffered if such appointments are not made on an emergency basis within four days of filing for bankruptcy relief.

29. In contrast, the Movants have provided ample grounds for the continuance they have requested and articulated the harm that will be suffered if that continuance is not obtained. Debtors filed their bankruptcy petitions on Sunday and Monday, April 17 and 18, 2022, and Emergency Motions on April 18, 2022. Movants and their Connecticut-based trial counsel moved with all deliberate speed and finalized engagement with bankruptcy counsel yesterday, April 20, 2022. Movants have not been afforded sufficient notice or the opportunity to fully analyze the ramifications and potential prejudice that may result from the relief sought by the Debtors—especially given the relief sought involves an alleged trust established days before filing for bankruptcy. Initial concerns raised after a cursory review of the operative documents include (but are not limited to):

- the provisions of the Declaration of Trust shall, in the event of a conflict, control and override the provisions of any confirmed plan or confirmation order (*see* Declaration of Trust attached as Exhibit A to Litigation Trustee Motion at ¶ 1.6);

- the definition of "Resulting Release" is ambiguous and appears to be drafted to apply to non-debtors including Jones and Free Speech Systems, LLC (*see* Declaration of Trust attached as Exhibit A to Litigation Trustee Motion at ¶ 10.1(c));

- the definition of "Payment in Full" is ambiguous and appears to be a mechanism by which Movants' claims could be reduced via a plan that no one has been provided (*see* Declaration of Trust attached as Exhibit A to Litigation Trustee Motion at ¶ 10.1(c));

- the Trustees shall not be authorized to engage in any trade or business (*see* Declaration of Trust attached as Exhibit A to Litigation Trustee Motion at ¶ 3.8);

- the Trustees' duties appear limited to acting as a registered agent, serving as a Delaware Resident Trustee, maintaining the registered office for the trust, and performing the requirements so the trust qualifies as a Delaware statutory trust (*see* Declaration of Trust attached as Exhibit A to Litigation Trustee Motion at ¶ 3.9);

- the Trustees shall not be in a fiduciary relationship in any respect (*see* Declaration of Trust attached as Exhibit A to Litigation Trustee Motion at ¶ 3.10);

- the use of proceeds to pay trust expenses (*see* Declaration of Trust attached as Exhibit A to Litigation Trustee Motion at ¶ 6.1.(a)i.); and

- the Trustees have the exclusive power and authority to deem any claims "paid in full" the use of proceeds to pay trust expenses (*see* Declaration of Trust attached as Exhibit A to Litigation Trustee Motion at ¶ 6.2(d)).

### B. *Continuance is especially warranted given Debtors' chapter 11 cases are subject to dismissal and transfer for improper venue and jurisdictional defects.*

30. As an initial matter, Debtors have sought relief in a venue in which they cannot maintain their bankruptcy cases. Instead, Debtors' bankruptcy cases are subject to dismissal or, alternatively, transfer for improper venue. Section 1408 of title 28 of the United States Code is the general venue statute that controls where a bankruptcy case may be filed. Section 1408 provides that a bankruptcy case may be filed in the district in which the debtor retains its domicile, principal place of business, or principal assets for the 180 days immediately preceding the debtor's filing for bankruptcy or for a longer part of such 180 days than in any other district. 28 U.S.C. § 1408. Further, section 1406 governs dismissal and, alternatively, transfer of venue for cases initially filed in an improper venue, stating "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

31.     Based on their filings with the Texas Secretary of State, Debtors' domicile, principal place of business, and assets are in Austin, Texas and not Victoria. *See* **Exhibits C**, **G**, and **K**. This has seemingly been the case for decades. *See* **Exhibits B-L**. And two of the three Debtors' most recent filings were within 180 days of filing for bankruptcy relief. *See* **Exhibits G-1** and **K-1**. Venue is not proper here. Instead, venue is with the Bankruptcy Court for the Western District of Texas. As such, Debtors' bankruptcy cases should be dismissed or, in the alternative, transferred to the appropriate venue.

32.     Additionally, Debtors filed their cases under chapter 11, subchapter v, of the Bankruptcy Code but, by their own admission, are not proper subchapter v debtors. Subchapter v debtors are "person[s] engaged in commercial or business activities." *See* 11 U.S.C. § 1182. Per sworn statement of their proposed chief restructuring officer, Debtors are not engaged in commercial or business activities:

> I have learned that the Debtor[s] have no purpose other than to hold assets which may be used by other entities. They undertake no business activities, they do not sell, rent or lease to others anything. Their assets do not generate any income for them. They have no bank accounts and do not pay money to anyone for any reason. They have no debt or other liabilities other than those related to pending or potential litigation. For these reasons, they have no financial statements or books of account and they do not file income tax returns.

*See* Decl. of W. Marc Schwartz Regarding Bankruptcy Code § 1116(1) Requirements.[10] Especially in light of this declaration, this Court and the United States Trustee should

---

[10] This declaration is included in support of each of the Debtors' voluntary petitions for relief. *See* InfoW, LLC Voluntary Pet. [Dkt. 1]; *see also In re IWHealth, LLC,* Case No. 22-60021, Bankr. S.D. Tex. [Dkt. 1]; *In re Prison Planet TV, LLC,* Case No. 22-60022, Bankr. S.D. Tex. [Dkt. 1].

examine whether these cases have been appropriately filed and whether they have actually been filed in bad faith.

## CONCLUSION

For the foregoing reasons, Movants respectfully request this Court enter an order continuing the hearing on Debtors' Emergency Motions until such time as the motions can be fully analyzed, considered, and evaluated, including consideration of other issues that this Court should consider as to whether any hearing should be had on these applications/motions, and grant Movants such other and further relief to which they may be justly entitled.

Respectfully submitted this 21st day of April 2022.

                                        */s/ Ryan E. Chapple*
Ryan E. Chapple
State Bar No. 24036354
Email: rchapple@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

and

Randy W. Williams
State Bar No. 21566850
Email: rww@bymanlaw.com
**BYMAN & ASSOCIATES PLLC**
7924 Broadway, Suite 104
Pearland, Texas 77581
281-884-9262
**ATTORNEYS FOR MOVANTS**

## CERTIFICATE OF ACCURACY

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge and belief.  This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

>                     */s/ Ryan E. Chapple*
> Ryan E. Chapple

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Motion for Continuance has been served on counsel for Debtors, Debtors, and all parties receiving or entitled to notice through CM/ECF on this 21st day of April 2022.

>                     */s/ Ryan E. Chapple*
> Ryan E. Chapple