UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re: | Case No. 22-60020 |
| INFOW, LLC, *et al.*, | Chapter 11 |
| Debtors.¹ | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) SETTING BAR DATES FOR FILING PROOFS OF CLAIMS,
(II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND
REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM
OF AND MANNER FOR FILING PROOFS OF CLAIMS, (IV) APPROVING
<u>NOTICE OF BAR DATES, AND (V) GRANTING RELATED RELIEF</u>**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

InfoW, LLC ("<u>InfoW</u>"), IWHealth, LLC ("<u>IW Health</u>"), and Prison Planet TV, LLC ("<u>Prison Planet TV</u>" and together with InfoW and IW Health, the "<u>Debtors</u>"), the debtors and

---

¹ The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

debtors-in-possession in the above-captioned chapter 11 cases file this Motion for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claims, (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claims, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto, approving the following relief:

   a. Claims Bar Date. Establishing *June 18, 2022* (the "Claims Bar Date") as the last date for each entity to file Proofs of Claims based on prepetition claims (the "Proofs of Claims");

   b. Governmental Bar Date. Establishing *July 1, 2022* (the "Governmental Bar Date") as the last date for each governmental unit to file Proofs of Claims;

   c. Rejection Damages Bar Date. Establishing the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease as the last date by which claimants holding claims arising from the Debtors' rejection of such executory contract or unexpired lease must file Proofs of Claims (such later date, the "Rejection Damages Bar Date");

   d. Amended Schedules Bar Date. If the Debtors amend their Schedules (as defined herein), establishing the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules as the last date by which claimants holding claims affected by such amendment must file Proofs of Claims (the "Amended Schedules Bar Date," and together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates"); and

   e. Bar Date Notice. Approving the proposed Bar Date Notice (as defined herein).

## JURISDICTION, VENUE, AND AUTHORITY

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue of the Debtors' cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein are §§ 105(a), 501, 502, 503, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002(a), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3003-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

5. This Court has constitutional authority to enter final orders with respect to the relief requested herein. The Debtors further confirm their consent to this Court's entry of final orders or judgments on this Motion.

## FACTUAL BACKGROUND

6. On April 18, 2022 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

7. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

8. The United States Trustee has scheduled the § 341 meeting of creditors for Thursday May 26, 2022. Based on this date, the docket sheet of the Debtors establishes *August 24, 2022,* as the present Bar Date for filing Proofs of Claims, and *October 17, 2022,* as the present Bar Date for filing Governmental Proofs of Claims.

9. The Debtors are three (3) Subchapter V Debtors, who will be filing a Joint Plan of Reorganization (the "Plan") and will seek to confirm the Plan within 90 to 120 days from April 18, 2022 (the "Petition Date").

10. At the earliest, the Debtors will seek a hearing on the confirmation of the Plan (the "Confirmation Hearing") on or about July 18, 2022. At the latest, a Confirmation Hearing on August 18, 2022.

11. The source of funds under the Plan comes from Alex Jones ("Jones") and Free Speech Systems, LLC ("FSS") (collectively, the "Third-Party Funding Contributors"). The Plan Support Agreement (the "PSA") contemplates approximately $10,000,000 to be made available to the creditors of the Debtors during the five years from the Effective Date[2] of the Plan.

12. One of the goals of the PSA is to have all the creditors of the Debtors be paid in full. The Debtors will seek estimation of certain unliquidated litigation claims prior to the Confirmation Hearing. In order to be able to know the extent of claims to be addressed under the Plan, the Debtors and their estates, must know prior to the Confirmation Hearing the extent of litigation claims against the Debtors.

13. Therefore, the Debtors request that the Court establish *June 18, 2022*, instead of August 4, 2022, as the Claims Bar Date and *July 1, 2022*, instead of October 17, 2022, as the Governmental Bar Date. The Debtors anticipate that their Schedules will be on file well before each Bar Date. The proposed timeline will give all parties in interest adequate notice of the Bar Dates, time to review the Schedules to see how each creditor is scheduled and an opportunity to respond.

## THE BAR DATES

14. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claims must be filed in a chapter 11 case pursuant to § 501 of the Bankruptcy Code. Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors

---

[2] All capitalized terms not defined herein shall have the meaning provided in the Plan.

that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' Schedules or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim. Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claims.

15. The Debtors request that the Court establish *June 18, 2022*, as the Claims Bar Date. The Claims Bar Date would be the date by which all persons or entities, other than governmental units, holding prepetition claims must file Proofs of Claims, such that the Proofs of Claims are **actually received** by the Clerk's office as of the Claims Bar Date, unless such entity's claim falls within one of the exceptions set forth in this Motion. Subject to those exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these Chapter 11 Cases. The Debtors believe that unliquidated litigation claims are the primary unsecured claims against the Debtors' estates.

16. The Debtors further request that the Court establish *July 1, 2022*, as the Governmental Bar Date. The Governmental Bar Date would apply to all governmental units (as defined in the Bankruptcy Code) holding prepetition claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority), including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors was a party. All governmental units holding such claims against the Debtors would be required to file Proofs of Claims such that the Proofs of Claims are **actually received** by the Clerk's office by the Governmental Bar Date. The Debtors do not believe that any governmental unit holds a claim against any of the Debtors.

17. In addition to the Claims Bar Date and the Governmental Bar Date, the Debtors request that the Court establish the Rejection Damages Bar Date for filing claims arising from the Debtors' rejection of executory contracts and unexpired leases, pursuant to § 365 of the Bankruptcy Code, or claims otherwise related to such agreements on the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease. All rejection claimants holding such claims against the Debtors would be required to file Proofs of Claims such that the Proofs of Claims are *actually received* by the Clerk's office by the Rejection Damages Bar Date. The Debtors do not anticipate having Rejection Damages Claims.

18. If the Debtors amend their Schedules in accordance with Bankruptcy Local Rule 1009-1, the Debtors request that the Court establish the Amended Schedules Bar Date for claims affected by the amended Schedules (the "Amended Schedules") on the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days from the date on which the Debtors file the Amended Schedules (the "Amended Schedules Bar Date"). All claimants holding such claims against the Debtors would be required to file Proofs of Claims with respect to such claims so that the Proofs of Claims are *actually received* by the Clerk's office by the Amended Schedules Bar Date.

### PROCEDURES FOR FILING PROOFS OF CLAIMS

**A.    Parties Required to File Proofs of Claims.**

19. Except as otherwise set forth herein, the Debtors respectfully request that the Court require each of the following persons or entities holding claims against the Debtors arising prior to the Petition Date to file Proofs of Claims on or before the applicable Bar Date:

6

    a. any person or entity whose claim against the Debtors is not listed in the Debtors' Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in these Chapter 11 Cases or share in any distribution from these Chapter 11 Cases;

    b. any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules.

**B.**    **Parties Not Required to File Proofs of Claims.**

20.    The Debtors request that the Court exempt the following persons or entities, to the extent required by the Bankruptcy Code, and in the capacities described below, from any requirement to file a Proof of Claim prior to the Claims Bar Date:

    a. The U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

    b. any entity that already has filed a signed Proof of Claim against the Debtors with the Clerk's office in a form substantially like Official Form 410;

    c. any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

    d. any entity whose claim has previously been allowed by a final order of the Court;

    e. any entity whose claim is solely against any non-Debtor affiliate;

    f. any entity whose claim has been paid by the Debtors pursuant to a Court order;

    g. any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

    h. any entity holding a claim for which a separate deadline is fixed by this Court;

    i. any entity holding a claim allowable under §§ 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course;

    j. any entity holding an equity interest in the Debtors.

**C.     Requirements for Preparing and Filing Proofs of Claims.**

21.     With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to comply with the following:

   a. *Contents*. Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink. All entities asserting claims against more than on Debtor are required to (i) file a separate Proof of Claim with respect to each such Debtor and (ii) identify on each Proof of Claim the Debtor against which their claim is asserted.

   b. *Electronic Signatures Permitted.* Original Proofs of Claims signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' case is closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

   c. *Supporting Documentation*. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided however* that such information must be made available on request by the Debtors, Committee or U.S. Trustee.

   d. *Timely Service*. Each Proof of Claim must be filed, including supporting documentation, by electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), or (ii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by the Clerk's office on or before the applicable Bar Date, at the following address:

| If by First Class Mail: | With A Copy to: |
|---|---|
| Clerk's office | Adam Rodriguez |
| United States Bankruptcy Court | Parkins Lee & Rubio LLP |
| Southern District of Texas | Pennzoil Place |
| 515 Rusk | 700 Milam-Suite 1300 |
| Houston, Texas 77002 | Houston, Texas 77002 |

e.  Proof of Claims will be deemed filed when filing via PACER is completed or when actually received by the Clerk's office. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above.

f.  *Receipt of Service*. Claimants submitting a Proof of Claims through non-electronic means wishing to receive acknowledgment that their Proof of Claims were received by the Clerk's office must submit (i) a copy of the Proof of Claims Form (in addition to the original Proof of Claim Form sent to the Clerk's office) and (ii) a self-addressed, stamped envelope.

**D.  Consequences of Failure to File a Proof of Claim.**

22. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity that is required, but fails, to file a Proof of Claim in accordance with the order granting this Motion (the "Bar Date Order") on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Moreover, such creditor shall be prohibited from voting to accept or reject any plan filed in these Chapter 11 Cases, participating in any distribution in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

**E.  Procedures for Providing Notice of the Bar Dates.**

23. The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

24. Pursuant to Bankruptcy Rule 2002(a)(7), no later than five (5) business days after entry of the Bar Date Order, the Debtors will cause written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 1** to the Bar Date Order (the "Bar Date Notice"), and a Proof

9

of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail to the following persons or entities (or their respective counsel, if known):

    a. the U.S. Trustee for the Southern District of Texas;

    b. all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules as holding claims against the Debtors;

    c. all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order;

    d. all persons or entities that have filed Proofs of Claims in this chapter 11 case as of the date of the Bar Date Order.

    e. all persons or entities who are party to executory contracts and unexpired leases with the Debtors;

    f. all persons or entities who are party to litigation with the Debtors;

    g. all regulatory authorities and government bodies that regulate the Debtors' business and/or government entities entitled to service, including the Securities and Exchange Commission, the Texas State Securities Board, the U.S. Treasury Department, the U.S. Department of Labor, the Pension Benefit Guarantee Corporation, the United States Department of Justice, the United States Department of State, and the United States Attorney's Office for the Southern District of Texas;

    h. the Offices of the Attorney General for Texas and Delaware;

    i. all known equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

    j. all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business, including the Internal Revenue Service, the Texas Comptroller of Public Accounts, and the Delaware Division of Revenue;

    k. counsel to any statutory committee appointed in this case (the "Committee"); and

    l. such additional persons and entities deemed appropriate by the Debtors.

25. The proposed Bar Date Notice will notify the parties of the Bar Dates and will contain information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. Each creditor shall have

an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. The Debtors request the Court approve the use of the Bar Date Notice as set forth in this Motion.

26. After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants or parties in interest become known as the result of the Bar Date noticing process.

27. In this regard, the Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the Claims Bar Date, with any such mailings deemed timely and the Bar Dates being applicable to the recipient creditors.

## BASIS FOR RELIEF

28. Bankruptcy Rule 3003(c)(3) generally governs the filing of Proofs of Claims in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21-days' notice of the time fixed for filing Proofs of Claims pursuant to Bankruptcy Rule 3003(c).

29. It is well recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a Debtors' going-concern value and maximizing property available to

satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The claims bar date "promote[s] the expeditious and efficient administration of bankruptcy cases," thereby permitting the Debtors and parties in interest to determine and evaluate the liabilities of the estate. *Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781 (5th Cir. 1990). The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by Debtors s in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law— "secure[ing] within a limited period the prompt and effectual administration and settlement of the Debtors' estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

30. The procedures described herein provide creditors with appropriate notice and a clear process for filing Proofs of Claims and achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow this chapter 11 case to move forward quickly with a minimum of administrative expense and delay, on the other hand.

31. The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claims or multiple Proofs of Claims that would cause expense and delay in the claims process for all parties. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during this chapter 11 case (such as in the event of contract rejections).

32. Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21-days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally,

Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or it is desirable to supplement other notice. Finally, Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

33. In conjunction with setting deadlines to file Proofs of Claims, the Debtors must give appropriate notice to interested parties. The Debtors propose to mail the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors, if any. This procedure is consistent with applicable case law. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950).

34. Where a creditor is known to the Debtors, due process requires that the Debtors must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing Proofs of Claims. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the Debtors to engage in "impracticable and extended searches in the name of due process." *See Mullane*, 339 U.S. at 317–18.

35. The relief requested herein provides for clear notice of the Claims Bar Date and other Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. The Bar Dates, and the form and manner of providing notice thereof, are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

36. In the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment

or supplement to the holders of affected claims whereby such holders will have no less than thirty (30) days from the date of mailing such notice to file Proofs of Claims with respect to their claims.

37. Unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtors.

38. The Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## RESERVATION OF RIGHTS

39. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to § 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estate; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the

relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens, or (i) that any party is a creditor of the Debtors. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that this Court enter an order substantially in the form attached to this Motion granting the relief requested in this Motion and grant the Debtors such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: April 26, 2022 | **PARKINS LEE & RUBIO LLP** |
| | */s/Kyung S. Lee* <br> Kyung S. Lee <br> TX Bar No. 12128400 <br> R.J. Shannon <br> TX Bar No. 24108062 <br> Pennzoil Place <br> 700 Milam Street, Suite 1300 <br> Houston, TX 77002 <br> Email: klee@parkinslee.com <br>         rshannon@parkinslee.com <br> Phone: 713-715-1660 <br> Fax:   713-715-1699 <br><br> *Proposed Counsel to the Debtors and Debtors-in-Possession* |

## CERTIFICATE OF SERVICE

I hereby certify that within 24 hours of the date of this filing, a true and correct copy of the foregoing document was served by U.S.P.S. and, where indicated, email on the following parties:

Kaster Lynch Farrar & Ball, LLP
Attn: Mark Bankson, William Ogden
1117 Herkimer Street
Houston, TX 77008
mark@fbtrial.com
bill@fbtrial.com

Koskoff & Bieder
Attn: Alinor C. Sterlin, Christopher Mattei, Matthew Blumenthal
350 Fairfield Avenue
Bridgeport, CT 06604
asterling@koskoff.com
cmattei@koskoff.com
mblumenthal@koskoff.com

Fertitta & Reynal LLP
Attn: F. Andino Reynal
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Pattis & Smith, LLC
Attn: Cameron L. Atkinson
383 Orange Street
New Haven, CT 06511
npattis@pattisandsmith.com
catkinson@pattisandsmith.com

Zeisler & Zeisler P.C.
Attn: Eric Henzy
10 Middle Street, 15th Floor
Bridgeport, CT 06604
ehenzy@zeislaw.com

Jordan & Ortiz, P.C.
Attn: Shelby Jordan
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Law Office of Ray Battaglia, PLLC
Attn: Ray Battaglia
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

McDowell Heterhington LLP
Attn: Avi Moshenberg, Nick Lawson, Matthew Caldwell
1001 Fannin Street, Suite 2700
Houston, TX 77002
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
matthew.caldwell@mhllp.com

The Akers Law Firm PLLC
Attn: Cordt Akers
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Copycat Legal PLLC
Attn: Daniel DeSouza
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
dan@copycatlegal.com

Richard S. Schmidt
615 Leopard, #635
Corpus Christi, TX 78401
rss@judgerss.com

Russell F. Nelms
115 Kay Lane
Westworth Village, TX 76114
rfargar@yahoo.com

Attn: W. Marc Schwartz
Schwartz Associates
712 Main Street, Ste. 1830
Houston, TX 77002
MSchwartz@schwartzassociates.us

Matthew Okin
Okin Adams LLP
1113 Vine St., Ste. 240
Houston, TX 77002
mokin@okinadams.com

Office of the United States Trustee
Attn: Ha Minh Nguyen, Jayson Ruff
515 Rusk St
Ste 3516
Houston, TX 77002
ha.nguyen@usdoj.gov
jayson.b.ruff@usdoj.gov

Melissa Haselden
700 Milam, Suite 1300
Houston, TX 77002
mhaselden@haseldenfarrow.com

Cain & Skarnulis, PLLC
Attn: Ryan E. Chapple
303 Colorado St., Ste. 2850
Austin, TX 78701
rchapple@cstrial.com

Byman & Associates PLLC
Randy W. Williams
7924 Broadway, Suite 104
Pearland, TX 77581
rww@bymanlaw.com

J. Maxwell Beatty
The Beatty Law Firm PC
1127 Eldridge Pkwy, Ste. 300, #383
Houston, TX 77077
max@beattypc.com

Walston Bowlin Callendar, PLLC
Attn: Cliff Walston
San Felipe Street, Suite 300
Houston, TX 77027
cliff@wbctrial.com

*/s/ R. J. Shannon*

R. J. Shannon