**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| In re:                    ) | |
|                   ) | |
| INFOW, LLC, *et al.*,       ) | Case No. 22 - 60020 |
|                   ) | |
| Debtors.[1]         ) | Chapter 11 (Subchapter V) |
|                   ) | |
|                   ) | Jointly Administered |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIMS,**
**(II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION**
**DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR**
**FILING PROOFS OF CLAIMS, (IV) APPROVING NOTICE OF BAR DATES,**
**AND (V) GRANTING RELATED RELIEF**
**[RELATES TO ECF NO. __ ]**

Upon consideration of the motion (the "Motion")[2] filed by the above-captioned Debtors

for entry of an order (a) establishing deadlines for filing Proofs of Claims, in these chapter 11 cases

(the "Chapter 11 Cases"), (b) establishing the Rejection Damages Bar Date and the Amended

Schedules Bar Date, (c) approving the procedures for filing Proofs of Claims, (d) approving notice

of the Bar Dates, and (e) granting related relief, all as more fully set forth in the Motion; and the

Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter

a final order consistent with Article III of the United States Constitution; and the Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors and other parties in interest; and the Court

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

[2] All capitalized terms not defined herein shall have the meaning provided in the Motion.

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Each entity that asserts a claim against the Debtors that arose before the Petition Date, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form as Official Form 410,[3] except as provided herein.

2.      Except in the cases of governmental units and certain other exceptions explicitly set forth herein, *all Proofs of Claims must be filed so that they are actually received on or before June 18, 2022 (the "Claims Bar Date"), at the address and in the form set forth herein.*

3.      The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates.

4.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, must file such Proofs of Claims *so they are actually received on or before July 1, 2022 (the "Governmental Bar Date"), at the address and in the form set forth herein.*

5.      Unless otherwise ordered, all persons or entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on

---

[3] Official Form 410 is available online at https://www.uscourts.gov/forms/bankruptcy-forms.

account of such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").

6.     If the Debtors amend the Schedules (the "Amended Schedules") after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any Amended Schedules to holders of claims affected thereby, and, except for persons and entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the deadline for those holders to file Proofs of Claims, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days from the date of filing the Amended Schedules (the "Amended Schedules Bar Date").

7.     All Proofs of Claims must be filed so as to be actually received by the Clerk's office on or before the applicable Bar Date with a copy to be mailed to Debtors' counsel. If Proofs of Claims are not received by the Clerk's office on or before the Claims Bar Date or the Governmental Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in this chapter 11 case and/or receiving distributions from the Debtors on account of such claims in this chapter 11 case.

8.     The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

   a. The U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

   b. any person or entity that already has filed a signed Proof of Claim against the Debtors with the Clerk's office in a form substantially similar to Official Form 410;

c. any person or entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

d. any person or entity whose claim has previously been allowed by a final order of the Court;

e. any person or entity whose claim is solely against any non-Debtors affiliates;

f. any person or entity whose claim has been paid by the Debtors pursuant to a Court order;

g. any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

h. any person or entity holding a claim for which a separate deadline is fixed by this Court;

i. any person or entity holding a claim allowable under §§ 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course.

j. any person or entity holding an equity interest in the Debtors.

9. The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a. *Contents*. Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink. All entities asserting claims against more than on Debtor are required to (i) file a separate Proof of Claim with respect to each such Debtor and (ii) identify on each Proof of Claim the particular Debtor against which their claim is asserted.

b. *Electronic Signatures Permitted.* Original Proofs of Claims signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' case is closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing,

Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

c. *Supporting Documentation*. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided however* that such information must be made available on request by the Debtors, Committee or U.S. Trustee.

d. *Timely Service*. Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), or (ii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by the Clerk's office on or before the applicable Bar Date, at the following address:

| If by First Class Mail: | With A Copy to: |
|---|---|
| Clerk's office | Adam Rodriguez |
| United States Bankruptcy Court | Parkins Lee & Rubio LLP |
| Southern District of Texas | Pennzoil Place |
| 515 Rusk | 700 Milam-Suite 1300 |
| Houston, Texas 77002 | Houston, Texas 77002 |

e. Proofs of Claims will be deemed filed when filing via PACER is completed or when actually received by the Clerk's office. Proofs of Claim sent by e-mail, facsimile, telecopy or electronic means other than the PACER website or Clerk's office's website listed above will ***not*** be accepted, provided, however, that the foregoing shall not apply to any claims previously submitted, prior to entry of this Order that are otherwise in compliance with the procedures herein.

f. *Receipt of Service*. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claims were received by the Clerk's office must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Clerk's office) and (ii) a self-addressed, stamped envelope.

10. The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) only to its known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

11. No later than five (5) business days after entry of this Bar Date Order, the Debtors shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit**

**1** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be

mailed via first class mail to the following persons and entities:

      a.   the U.S. Trustee;

      b.   all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules as holding claims against the Debtors;

      c.   all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order;

      d.   all persons or entities that have filed Proofs of Claims in this chapter 11 case as of the date of the Bar Date Order;

      e.   all persons or entities who are party to executory contracts and unexpired leases with the Debtors;

      f.   all persons or entities who are party to litigation with the Debtors;

      g.   all regulatory authorities and government bodies that regulate the Debtors' business and/or government entities entitled to service, including the Securities and Exchange Commission, the Texas State Securities Board, the U.S. Treasury Department, the U.S. Department of Labor, the Pension Benefit Guarantee Corporation, the United States Department of Justice, the United States Department of State, and the United States Attorney's Office for the Southern District of Texas;

      h.   the Offices of the Attorney General for Texas and Delaware;

      i.   all known equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

      j.   all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business, including the Internal Revenue Service, the Texas Comptroller of Public Accounts, and the Delaware Division of Revenue;

      k.   counsel to the Committee, if a Committee is appointed; and

      l.   such additional persons and entities deemed appropriate by the Debtors.

12.     After the initial mailing of the Bar Date Packages, the Debtors may, in their

discretion, make supplemental mailings of notices or packages, including in the event that: (a)

notices are returned by the post office with forwarding addresses; (b) certain parties acting on

behalf of parties in interest decline to pass along notices to these parties and instead return their

names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

13.     Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

14.     Except as set forth in this Bar Date Order, and except as otherwise ordered by the Court pursuant to the Bankruptcy Code, the Bankruptcy Rules, and/or applicable law, any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.

15.     Except in the case of certain exceptions explicitly set forth in this Bar Date Order, any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in this chapter 11 case, participating in any distribution in this chapter 11 case on account of such claim, or receiving further notices regarding such claim.

16.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order.

17.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

18.     All time periods set forth in this Bar Date Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

20.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

21.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.


Dated: _____              _____
                                            UNITED STATES BANKRUPTCY JUDGE