**Exhibit 1**

**Proposed Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| In re: | Case No. 22-60020 |
| INFOW, LLC, et.al. | Chapter 11(Subchapter V) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIMS**

**TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST INFOW, LLC, IWHEALTH, LLC AND PRISON PLANET TV LLC:**

**PLEASE TAKE NOTICE THAT**:

On April 18, 2022 (the "Petition Date"), InfoW, LLC, IWHealth, LLC and Prison Planet TV, LLC, as Debtors and Debtors in possession (the "Debtors"), filed voluntary petitions for relief under chapter 11, subchapter v, of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Court"). Each of the Debtors' bankruptcies are jointly administered under Case No. 22-60020.

On [__], 2022 the Court entered an order [ECF No. [__]] the ("Bar Date Order")[2] establishing certain dates by which parties or entities holding prepetition claims against the Debtors must file Proofs of Claims ("Proofs of Claims").

---

[1]    The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order.

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form. Please refer to this Notice and the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") to determine if you need to file a Proof of Claim.

As used in this Notice, the term "entity" has the meaning given to it in § 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in §§ 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with § 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claims in this chapter 11 case (collectively the "Bar Dates").

a. *Claims Bar Date*. Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, are required to file Proofs of Claims by June 18, 2022 (the "Claims Bar Date"). Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

a. *Governmental Bar Date*. Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claims by July 1, 2022 (the "Governmental Bar Date"). The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors was a party.

b. *Rejection Damages Bar Date*. Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts or unexpired leases must file Proofs of Claims by the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (such later date, the "Rejection Damages Bar Date");

    c. *Amended Schedules Bar Date*. Pursuant to the Bar Date Order, in the event that the Debtors amends its Schedules, all entities holding claims affected by such amendment must file Proofs of Claims by the date that is the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty days from the date on which the Debtors mails notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

## WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date must file Proofs of Claims on or before the Claims Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

    a. any entity whose claim against the Debtors is not listed in the Debtors' Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case; and

    b. any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules.

## PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIMS.

Certain parties are not required to file Proofs of Claims. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claims for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need not file Proofs of Claims:

    a. The U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

    b. any entity that already has filed a signed Proof of Claim against the Debtors with the Clerk's office in a form substantially similar to Official Form 410;

    c. any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

    d. any entity whose claim has previously been allowed by a final order of the Court;

    e. any entity whose claim is solely against any non-Debtors affiliates;

3

f.  any entity whose claim has been paid by the Debtors pursuant to a Court order;

g.  any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

h.  any entity holding a claim for which a separate deadline is fixed by this Court;

i.  any entity holding a claim allowable under §§ 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course.

j.  any entity holding an equity interest in the Debtors.

### INSTRUCTIONS FOR FILING PROOFS OF CLAIMS.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.  *Contents*. Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.  All entities asserting claims against more than on Debtor are required to (i) file a separate Proof of Claim with respect to each such Debtor and (ii) identify on each Proof of Claim the particular Debtor against which their claim is asserted.

b.  *Electronic Signatures Permitted.* Original Proofs of Claims signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' case is closed, and upon request, such original document must be provide d to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

c.  *Supporting Documentation*. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided however* that such information must be made available on request by the Debtors , Committee or U.S. Trustee.

d.  *Timely Service*. Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), or (ii) if submitted

4

through non- electronic means, by U.S. Mail or other hand delivery system, so as to be actually received by the Clerk's office on or before the applicable Bar Date, at the following address:

| If by First Class Mail: | With A Copy to: |
|---|---|
| Clerk's office<br>United States Bankruptcy Court<br>Southern District of Texas<br>515 Rusk<br>Houston, Texas 77002 | Adam Rodriguez<br>Parkins Lee & Rubio LLP<br>Pennzoil Place<br>700 Milam-Suite 1300<br>Houston, Texas 77002 |

e. Proofs of Claims will be deemed filed when filing via PACER is completed or when actually received by the Clerk's office. Proofs of Claim sent by e-mail, facsimile, telecopy or electronic means other than the PACER website or Clerk's office listed above will *not* be accepted, provided, however, that the foregoing shall not apply to any claims previously submitted, prior to entry of this Order that are otherwise in compliance with the procedures herein.

f. *Receipt of Service*. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claims were received by the Clerk's office must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Clerk's office) and (ii) a self-addressed, stamped envelope.

**CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a. YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b. THE DEBTORS AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND

d. YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

**RESERVATION OF RIGHTS.**

Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Notice or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to § 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estate; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

### THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please follow the directions in the "Additional Information" section below to access the Schedules and refer to the contents therein to determine the nature, amount, and status of your claim(s).

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

### ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding this chapter 11 case are available for inspection at the Clerk's office website . The Schedules and other filings in this chapter 11 case are available for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

**A HOLDER OF A POSSIBLE CLAIM AGAINST ANY ONE OR MORE OF THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**