**EXHIBIT 5**

CAUSE NO. D-1-GN-18-006623

| | | |
|---|---|---|
| SCARLETT LEWIS, | * | IN THE DISTRICT COURT OF |
| Plaintiff, | * | |
| v. | * | |
| | * | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES; INFOWARS, LLC; and FREE SPEECH SYSTEMS, LLC, | * | |
| | * | 53rd JUDICIAL DISTRICT |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

** CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER **

VIDEOTAPED/ORAL DEPOSITION OF

ROB DEW

Friday, March 15, 2019

VIDEOTAPED/ORAL DEPOSITION OF ROB DEW, produced as a witness at the instance of the Plaintiff, and duly sworn, was taken in the above styled and numbered cause on Friday, March 15, 2019, from 10:20 a.m. to 11:57 a.m., before KIMBERLEE SCHROEDER, CSR, RPR, CCRR reported via Machine Shorthand at the offices of Waller, Lansden, Dortch & Davis, 100 Congress Avenue, Suite 1800, Austin, Texas, pursuant to the Texas Rules of Civil Procedure and/or any provisions stated on the record or attached hereto.

```
 1                          APPEARANCES

 2


 3   COUNSEL FOR PLAINTIFF:

 4           KASTER, LYNCH, FARRAR & BALL, LLP
             1010 Lamar, Suite 1600
 5           Houston, Texas
             (T) 713-221-8300
 6               By:  WILLIAM R. OGDEN, Esq.
                      bill@fbtrial.com
 7                    MARK D. BANKSTON, Esq.
                      mark@fbtrial.com
 8

 9   COUNSEL FOR DEFENDANTS:

10           GLAST, PHILLIPS & MURRAY, P.C.
             14801 Quorom Drive, Suite 500
11           Dallas, Texas
             (T) 972-419-8300
12               By:  MARK C. ENOCH, Esq.
                      mkenoch@gpm-law.com,
13

14           BARNES LAW, LLP   (PRO HAC VICE)
             601 South Figueroa St., Suite 4050
15           Los Angeles, California
             (T) 213.294.3006
16               By:  Robert E. Barnes, Esq.
                      barneslaw@barneslawllp
17

18   VIDEOGRAPHER:

19           JOE BAZAN, Videographer

20

21

22

23

24

25
```

I N D E X

DEPOSITION OF ROB DEW

| EXAMINATION | PAGE |
|---|---|
| By Mr. Ogden | 4 |
| Changes and Signature | 49 |
| Reporter's Certification | 51 |
| Further Certification | 53 |

---oOo---

EXHIBITS

| PLAINTIFF'S | | PAGE |
|---|---|---|
| Exhibit 1 | Plaintiff's Notice to Take the Deposition of Free Speech Systems, LLC | 4 |
| Exhibit 2 | Printout of "InfoWars, LLC, Terms of Use & Privacy Policy" | 21 |
| Exhibit 3 | Certificate of Correction | 47 |
| Exhibit 4 | "Terms of Service" | 46 |

---oOo---

P R O C E E D I N G S

Friday, March 15, 2019                          10:20 a.m.

---oOo---

(Plaintiff's Exhibit No. 1 was marked for identification.)

THE VIDEOGRAPHER: We are on the record for the videotaped deposition of InfoWars, LLC, corporate representative, Rob Dew, taken on Friday, March 15th, 2019. The time is approximately 10:20 a.m.

Will the Court Reporter please swear in the witness?

ROB DEW,

after being first duly sworn, was examined and testified as follows:

EXAMINATION

BY MR. OGDEN:

**Q. Will you please state your name for me?**

A. Rob Dew.

**Q. What is your employment status with InfoWars, LLC?**

A. As far as I know, there is no employment status with InfoWars, LLC.

**Q. What is your understanding as to why you are here today?**

A. To give a deposition.

```
 1      Q.   Sure.  About what?
 2      A.   About -- well, a couple things, I guess.
 3      Q.   If you can put your mic on.
 4      A.   Sure.
 5      Q.   Clip it to your lapel.
 6      A.   I don't touch other people's equipment.
 7      Q.   Sure.
 8           As to what you're here to talk about today,
 9  what's your understanding?
10      A.   It's to ask questions that are listed in here
11  -- or answer questions listed in here for InfoWars, LLC,
12  and also for Free Speech Systems.
13      Q.   And right now, it's just InfoWars, LLC.
14           Have you ever been employed by InfoWars, LLC?
15      A.   Not to my knowledge.
16      Q.   Okay.  Have you ever received any sort of
17  payment for InfoWars, LLC?
18      A.   Not to my knowledge.
19      Q.   Exhibit 1 is in front of you.
20      A.   M-hm.
21      Q.   It is the Notice of Deposition.
22           I assume prior to today, you had seen that
23  before?
24      A.   M-hm.
25      Q.   On page 2, there are six topics listed.
```

1  yesterday, and unfortunately, Mr. Bankston is the nice
2  one of us.  So I'm not going to put up with it.  You can
3  leave if you are going to do that.  If you are going to
4  be an obstruction in this deposition, leave now.
5  Otherwise, sit there quietly and don't make gestures and
6  don't share your opinion with anybody but whispering
7  into Mr. Barnes' ear because he is defending this
8  deposition.
9           MR. ENOCH:  I can appreciate your opinion.
10          Please continue the deposition, Mr. Ogden.
11          MR. OGDEN:  Mr. Barnes, did you have something
12  you wanted to share?
13          MR. BARNES:  It was just to instruct him that
14  he had conversations, but not the content of the
15  conversations if it was with attorneys.
16          MR. OGDEN:  Sure.
17     **Q.   Has anyone explained to you -- I'm not asking**
18  **who.  Has anybody explained to you that you are sitting**
19  **here in the corporate capacity today?**
20          **You can answer.**
21     A.   I've had conversations, yes.
22     **Q.   With anybody but your lawyers?**
23     A.   No.
24     **Q.   So when I say has InfoWars ever had an officer**
25  **other than Mr. Jones and you say "not to my knowledge,"**

1  as far as the company is aware, it's never had anyone
2  but Alex Jones; is that true?
3       A.   To my knowledge, yes.  That is true.
4       Q.   And I just want to be clear.  When you say "to
5  my knowledge," that means to InfoWars, LLC's knowledge.
6  Okay?
7       A.   And the question?  Would you repeat it one more
8  time?
9       Q.   Other than Mr. Jones, has InfoWars, LLC, ever
10 had any other officers?
11      A.   Not to my knowledge.
12      Q.   I'm not trying to trick you.  If you don't
13 know, you don't know.  I'm just trying to figure out
14 what you do know.  Okay.
15           The business purpose of InfoWars, LLC, what is
16 it?
17      A.   I don't know.
18      Q.   Okay.  Why was it created?  By "it," why was
19 InfoWars, LLC, created?
20      A.   I don't know.
21      Q.   How does InfoWars, LLC, make money?
22      A.   I don't know.
23      Q.   The InfoWars, LLC, relationship with Alex Jones
24 sitting here today, what is it?
25      A.   To my knowledge, he's the sole officer.

| | | |
|---|---|---|
| 1 | Q. | What's his title? |
| 2 | A. | I don't know. |
| 3 | Q. | The company does not know what Mr. Jones' sole |
| 4 | title is, and he's the only person that has anything to |
| 5 | do with this company; correct? |
| 6 | A. | I would not want to give the incorrect title. |
| 7 | Q. | So you just don't know? |
| 8 | A. | Correct. |
| 9 | Q. | Has InfoWars, LLC, ever made a business |
| 10 | transaction with Free Speech Systems, LLC? |
| 11 | A. | Not to my knowledge. |
| 12 | Q. | Okay.  Did you ask Mr. Jones if he's ever made |
| 13 | a business transaction between the two companies? |
| 14 | A. | No, I did not. |
| 15 | Q. | Can you think of anyone else that would have |
| 16 | that information? |
| 17 | A. | No. |
| 18 | Q. | So why didn't you ask Mr. Jones? |
| 19 | | MR. BARNES:  You can answer to the degree it |
| 20 | will not disclose attorney/client communications or |
| 21 | conversations.  If you can't answer without disclosing |
| 22 | that, then say so. |
| 23 | | THE WITNESS:  Why did I not -- |
| 24 | | MR. OGDEN:  Q.  Why did you not ask Mr. Jones |
| 25 | if there's ever been a business transaction between the |