IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 22-60020 |
| | § | |
| INFOW, LLC, *et al.*, | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtors[1] | § | Jointly Administered |

**EXPEDITED REQUEST FOR STATUS CONFERENCE**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Relief is requested on or before May 11, 2022.**

David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

(collectively, Movants or Connecticut Plaintiffs) file this Expedited Request for Status Conference and provide the Court with the following information and update:

### REQUEST FOR EMERGENCY CONSIDERATION

The Connecticut Plaintiffs dismissed their claims against the Debtors, are no longer creditors of the Debtors, and no longer wish to participate in these bankruptcy cases. But the Debtors, against their own interest, objected to being dismissed and want to continue to prosecute the bankruptcy cases for the benefit of Alex Jones and Free Speech. Such conduct is clear evidence that these cases are not about these Debtors and their interests and are nothing more than a ruse to protect parties who have not sought relief under title 11, specifically Alex Jones and Free Speech. The Connecticut Plaintiffs request an expedited status conference to bring these issues before the Court.

Because the Connecticut Plaintiffs are no longer creditors of the Debtors, the Connecticut Plaintiffs intended to file a notice of their withdrawal of their Motion to Dismiss and cease their participation in these cases. The withdrawal of their Motion to Dismiss would sharply narrow the dispute(s) before the Court in these cases. However, while working on the withdrawals, counsel was served with the Debtors' Objections to Dismissal, attached hereto. With the Connecticut Plaintiffs' claims against the Debtors having been dismissed, there should be no further reason to jeopardize the Connecticut Plaintiffs' August 2022 trial date and force them to incur additional expenses litigating in a forum where they are not creditors. The Connecticut Plaintiffs respectfully request a status conference at the Court's earliest convenience.

**RELEVANT BACKGROUND**

1. The Connecticut Plaintiffs filed multiple lawsuits against the Debtors and others in the Judicial District of Fairfield at Bridgeport, Connecticut in 2018. On March 8, 2019, this litigation was ordered to the Complex Litigation Docket of Waterbury under Case Nos. UWY-CV18-6046436S, UWY-CV18-6046437S, and UWY-CV18-6046438S, respectively, and was consolidated (globally, the Connecticut Litigation).

2. On April 17, 2022, Debtor InfoW, LLC (fka InfoWars, LLC) filed a voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code. On April 18, 2022, IWHealth, LLC and Prison Planet TV, LLC filed their petitions for relief under the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered pursuant to the Court's Order for Joint Administration [Dkt. 8].

3. The Connecticut Plaintiffs filed an Emergency Motion to Dismiss Chapter 11 Cases and Objection to Debtors' Designation as Subchapter V Small Vendors on April 26, 2022 [Dkt. 36] (Motion to Dismiss). During a status conference on April 29, 2022, the Court set the Connecticut Plaintiffs' Motion to Dismiss, along with two others, for hearing on May 27, 2022 at 9:00 a.m.

4. After careful consideration of the Debtors' filings and the comments and questions of this Court, on May 2, 2022, the Connecticut Plaintiffs filed Notices of Dismissal of Claims against Removing Defendants InfoW, LLC (fka InfoWars, LLC), Infowars Health, LLC (aka IWHealth, LLC) and Prison Planet TV, LLC in the Connecticut Litigation (the Dismissals of Connecticut Claims). The Dismissals of Connecticut Claims were filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Fed. R. Bankr. P. 7041. True and correct copies of the Dismissals of Connecticut Claims are attached as **Exhibit A**. Like a notice of non-suit filed under the Texas Rules of Civil

Procedure, a Rule 41(a)(1)(A)(i) dismissal operates automatically when filed; no court action is required for the dismissal to be effective. *See, e.g.*, *Thorp v. Scarne*, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979) ("The law is settled that the filing of a notice of dismissal under Rule 41(a)(1)(i) automatically terminates the lawsuit. No action by the court is necessary to effectuate the dismissal.").

5. Instead of accepting and welcoming the Dismissals of Connecticut Claims as providing the relief from litigation they claimed to be seeking, on May 3, 2022, the Debtors filed Objections and Notices of Intent to File More Particular Responses to the Notices of Voluntary Dismissal filed by the Plaintiffs (the Debtor Objections to Dismissals). True and correct copies of the Debtor Objections to Dismissal are attached as **Exhibit B**.[2]

6. As stated above, the Connecticut Plaintiffs dismissed these Debtors because participating in these bankruptcy cases will divert vast resources and frustrate their true purpose, which is to proceed to try their cases against Alex Jones and Free Speech Systems, LLC. Significant resources would need to be devoted by the Connecticut Plaintiffs to prosecute their Motion to Dismiss currently set for hearing on May 27, 2022. However, they cannot cease participation in these cases because, against their own interest, the Debtors contest the Dismissals of the Connecticut Claims. Preparation for the May 27 hearings on the Motion to Dismiss will be time consuming and costly. The Connecticut Plaintiffs respectfully request a status conference as soon as possible in the hopes of not incurring additional expenses related to hearing preparation.

---

[2] The filing of the Debtor Objections to Dismissal is against the interest of the Debtors, showing once again that this bankruptcy is being used for the ulterior purposes of third parties.

7.  The Connecticut Plaintiffs believe expedited consideration is warranted given the Debtors' highly unusual response to no longer being a party to litigation in Connecticut.

## PRAYER

For these reasons, the Connecticut Plaintiffs respectfully ask the Court to schedule a status conference in these cases at its earliest convenience.

Respectfully submitted this 6th day of May 2022.

>     */s/ Ryan E. Chapple*
> Ryan E. Chapple
> State Bar No. 24036354
> Email:rchapple@cstrial.com
> **CAIN & SKARNULIS PLLC**
> 303 Colorado Street, Suite 2850
> Austin, Texas 78701
> 512-477-5000
> 512-477-5011—Facsimile
>
> and
>
> Randy W. Williams
> State Bar No. 21566850
> Email: rww@bymanlaw.com
> **BYMAN & ASSOCIATES PLLC**
> 7924 Broadway, Suite 104
> Pearland, Texas 77581
> 281-884-9262
> **ATTORNEYS FOR CONNECTICUT PLAINTIFFS**

## CERTIFICATE OF ACCURACY

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge and belief.  This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

>     */s/ Ryan E. Chapple*
> Ryan E. Chapple

## CERTIFICATE OF CONFERENCE

I hereby certify, as counsel for Movants, my firm has attempted to confer with Debtors' counsel, and Debtors' counsel has not responded to the conference request.

                                                   */s/ Ryan E. Chapple*
                                                   Ryan E. Chapple

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Status Conference has been served on counsel for Debtors, Debtors, and all parties receiving or entitled to notice through CM/ECF on this 6th day of May 2022.

                                                   */s/ Ryan E. Chapple*
                                                   Ryan E. Chapple