UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-60020 |
| | § | |
| INFOW, LLC, *et al.,* | § | Chapter 11 (Subchapter V) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

THE TEXAS PLAINTIFFS' JOINDER
IN THE EXPEDITED REQUEST FOR STATUS CONFERENCE

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Relief is requested on or before May 11, 2022.**

Neil Heslin, Scarlett Lewis, Leanoard Pozner, Veronique De La Rosa, and Marcel Fontaine

("Texas Plaintiffs") join the Expedited Request for Status Conference for the following reasons:

**Request for Emergency Consideration**

The Texas Plaintiffs request an expedited status conference to alert the Court about issues

affecting the upcoming hearing on the dismissal motions and the course of the bankruptcy. As the

Court knows, the Debtors petitioned for bankruptcy under Subchapter V to push through a

bankruptcy plan that forces the supposed payment in full of all Plaintiffs' claims in a dubious claims-estimation process. The Texas Plaintiffs, the Connecticut Plaintiffs, and the United States Trustee all saw this supposed plan for what it was and moved to dismiss the bankruptcy for bad faith. The dismissal hearing is set for May 27th. Naturally, the swarm of lawyers for the Texas Plaintiffs, the Connecticut Plaintiffs, the U.S. Trustee's office, the Debtors, and even the non-debtors will be preparing for this pivotal hearing at great effort and expense. Recent events that have transpired, however, make this dismissal hearing and even this bankruptcy unnecessary.

Like the Connecticut Plaintiffs, the Sandy Hook Plaintiffs in Texas have chosen to drop their lawsuits against the only Debtor they sued, InfoW. As the Court knows, certain Sandy Hook Plaintiffs in Texas previously nonsuited their claims the day that InfoW petitioned for bankruptcy. And earlier this week, the remaining Sandy Hook Plaintiffs in Texas and Connecticut dismissed their claims against the Debtors. In other words, the Sandy Hook Plaintiffs are no longer creditors.

The filing of the latest dismissals eradicates the need for this bankruptcy. After all, the Debtors' proposed chief restructuring officer explained that the point of the bankruptcy was to settle these claims. But the Debtors can no longer do so because they are no longer defendants in the Sandy Hook defamation cases. No grounds justify keeping this bankruptcy alive—let alone forcing the Texas Plaintiffs to participate in it at their own expense. The Texas Plaintiffs therefore request a status conference to address these latest developments.

## Relevant Background

1.      The Texas Plaintiffs filed multiple defamation lawsuits against the Debtor, InfoW, LLC, as well as nondebtors like Alex Jones and his company Free Speech Systems, LLC. In the course of the various cases, the Texas Plaintiffs discovered that InfoW, LLC has no assets, no

revenue, no employees, and no money—and that Alex Jones and Free Speech are the primary

targets at trial. (The Debtors' bankruptcy petitions only confirmed this. ECF Nos. 1, at 10–11.)

2.       A week before the trial of the first of these defamation cases, however, InfoW

petitioned for bankruptcy under Subchapter V. Trying to save their trial date, the Texas Plaintiffs

immediately nonsuited InfoW. *See* Ex. 1; *see also Univ. of Tex. Med. Branch at Galveston v. Estate*

*of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (explaining that a nonsuite extinguishes a case or

controversy from the moment it's filed). But the trial date was postponed because InfoW removed

the case to federal court *after* it had already been nonsuited.

3.       Four days later, the Court held its first hearing. At the hearing, the Debtors admitted

that the purpose of the bankruptcy was to settle the Sandy Hook claims.[1] Ex. 3, at 61. At the same

hearing, the Sandy Hook Plaintiffs flagged that the bankruptcy was filed in bad faith and that the

Debtors were not *debtors* within meaning of Subchapter V. Ex. 3, at 19–23, 61–63. They then

assured the Court that they would seek dismissal of the bankruptcy on these grounds. And days

later, they did. So did the United States Trustee.

4.       The Court set an evidentiary hearing on the dismissal motions for May 27th.

5.       Just days after setting the hearing, the Connecticut Plaintiffs dismissed their claims

against the Debtors. The remaining Sandy Hook Plaintiffs in Texas likewise dismissed their claims

against InfoW. Ex. 2.

6.       Because the Sandy Hook Plaintiffs are no longer creditors, the Debtors cannot

fulfill the purpose of this bankruptcy. Under the circumstances, all sides should want to avoid

---

[1] Ex. 3: Transcript from April 22, 2022 Hearings, 50:13-20:

**The Court**: . . . What do you believe the purpose of these Chapter 11 cases is?

**Mr. Schwartz**: The purpose? The purpose is to arrange to pay all of the plaintiffs the amount of their—let's say in a bankruptcy sense, their allowed claim in full. That's the purpose.

having the lawyers prepare for a mini-trial on an already-doomed bankruptcy. For this reason, the

Texas Plaintiffs join in the Connecticut Plaintiffs' expedited request for a status conference.

## Conclusion

For these reasons, the Texas Plaintiffs respectfully ask that the Court schedule a status

conference as soon as possible.

Dated: May 6, 2022

Respectfully submitted,

**The Beatty Law Firm PC**

By: /s/*J. Maxwell Beatty*
J. Maxwell Beatty
State Bar No. 24051740
max@beattypc.com
1127 Eldridge Pkwy
Suite 300, #383
Houston, Texas 77077
Tel. 832-529-3381
Fax. 832-852-1266

**-AND-**

**MCDOWELL HETHERINGTON LLP**

By: */s/Avi Moshenberg*
Avi Moshenberg
State Bar No. 24083532
avi.moshenberg@mhllp.com
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Tel. 713-337-5580
Fax. 713-337-8850

*Counsel for the Texas Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Request for Status Conference has been served on counsel for Debtors, Debtors, and all parties receiving or entitled to notice through CM/ECF on this 6th day of May 2022.

/s/ Avi Moshenberg
Avi Moshenberg