Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor, Hartford, CT 06103 Tel: 702-420-2001 Fax: 305-437-7662

| DOCKET NO: UWY-CV-18-6046436-S : | : | SUPERIOR COURT |
| --- | --- | --- |
| ERICA LAFFERTY, ET AL., | : | COMPLEX LITIGATION DOCKET |
| VS. | : | AT WATERBURY |
| ALEX EMRIC JONES, ET AL. | : | NOVEMBER 24, 2021 |
| DOCKET NO: UWY-CV-18-6046437-S : | : | SUPERIOR COURT |
| WILLIAM SHERLACH, | : | COMPLEX LITIGATION DOCKET |
| VS. | : | AT WATERBURY |
| ALEX EMRIC JONES, ET AL. | : | NOVEMBER 24, 2021 |
| DOCKET NO: UWY-CV-18-6046438-S : | : | SUPERIOR COURT |
| WILLIAM SHERLACH, ET AL., | : | COMPLEX LITIGATION DOCKET |
| VS. | : | AT WATERBURY |
| ALEX EMRIC JONES, ET AL. | : | NOVEMBER 24, 2021 |

## NOTICE OF DEFENSES

Pursuant to Practice Book §§ 17-34 & 17-35 Defendants Alex Jones, Free Speech Systems, LLC, Infowars, LLC, Infowars Health, LLC, and Prison Planet TV, LLC, hereby give notice of intent to contradict allegations, the subject matter(s) they intend to contradict, the intention to deny the right of the plaintiffs to maintain their actions, and to prove their matters of defense in any hearing in damages.

As to matters of defense and denial of the right of the plaintiffs to maintain their actions, Defendants incorporate by reference as if fully restated herein the arguments set forth in their Special Motion to Dismiss (*Lafferty* Entry No. 113.00; *Sherlach I* Entry No. 136.00; *Sherlach II* Entry No. 114.00), Memorandum in Support of Special Motion to Dismiss (*Lafferty* Entry No.

114.00; *Sherlach I* Entry No. 137.00; *Sherlach II* Entry No. 115.00), Motion to Strike (*Lafferty* Entry No. 297.00; *Sherlach I* Entry No. 229.00; *Sherlach II* Entry No. 200.00), Memorandum in Support of Motion to Strike (*Lafferty* Entry No. 298.00; *Sherlach I* Entry No. 230.00; *Sherlach II* Entry No. 201.00) and Reply in Support of Motion to Strike (*Lafferty* Entry No. 353.00; *Sherlach I* Entry No. 281.00; *Sherlach II* Entry No. 253.00).[1]  These defenses include the following:[2]

1) Plaintiffs' claims are time-barred, in part or in whole;

2) Plaintiffs lack sufficient evidence to demonstrate one or more of the defendants committed defamation *per se*, defamation *per quod*,[3] false light invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of the Connecticut Unfair Trade Practices Act;

3) Plaintiffs lack sufficient evidence to demonstrate that one or more of the defendants conspired with another person to commit defamation *per se*, defamation *per quod*, false light invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of the Connecticut Unfair Trade Practices Act;

4) Plaintiffs' claims are barred by the First Amendment to the U.S. Constitution and Sections 4 & 5 of the Connecticut Declaration of Rights;

5) Plaintiffs are public figures and/or public officials and cannot prove one or more of the defendants made knowingly false statements or made the subject statements in reckless disregard of the truth or falsity thereof;

---

[1] Citations to the entries in the *Lafferty* matter
[2] Defendants further preserve all prior objections to subject matter jurisdiction that the Court has already adjudicated.
[3] The Court already found defamation *per quod* to not have been properly alleged.

6) Plaintiffs' claims are barred, in whole or in part, by the doctrine of superseding cause because the intentional and criminal actions of Adam Lanza were a superseding cause of Plaintiffs' alleged injuries;

7) Plaintiffs' claims are barred, in whole or in part, by the doctrine of intervening and/or superseding cause because the actions of other individuals, both named and unnamed, identified in the operative complaint, for whom the defendants are not liable, were the intervening and/or superseding cause of Plaintiffs' alleged injuries; and

8) Plaintiffs' claims are barred, in whole or in part, because they received payments from third parties in complete or partial satisfaction of any damages incurred as a result of the occurrence alleged

As to the Complaint in the *Lafferty* matter, Defendants intend to contradict allegations appearing in Paragraphs 6-15, 17-20, 28, 30, 31, 35, 38, 39, 41, 45, 48, 54, 57, 60, 61, 68, 69, 70, 73-80, 83-94, 96-98, 100, 101, 108, 110, 118, 125, 126, 138, 142, 146, 148, 163, 169, 177, 186, 200, 207, 208, 214, 215, 218, 226, 229, 233, 240, 242, 246, 250-252, 260, 266, 267, 269, 271, 272, 274, 276, 281, 284, 286, 287, 290, 291, 291(E), 297, 308, 315, 316, 318, 321, 323, 326, 327, 333, 335, 337-346, 348-359, 361-372, 374-384 & 386-394.[4]

The Amended Complaint in the *Sherlach I* matter and the Complaint in the *Sherlach II* matter bear identical allegations, and Defendants intend to contradict allegations appearing in their respective Paragraphs 6-15, 17-20, 25, 26, 30, 33, 34, 36, 40, 43, 52, 55, 66, 73-75, 78-85, 89-100, 102, 103, 104, 106, 107, 114, 116, 125, 129, 130, 137, 151, 157, 162, 164, 179, 185, 193, 202, 205, 234, 241, 242, 248, 249, 252, 262, 267, 271, 278, 282, 286, 290-292, 300, 306, 307, 309, 311,

---

[4] Defendants omit reference to the paragraphs incorporating the prior allegations; however, to the extent applicable, those paragraphs are contradicted to the fullest extent the prior allegations are.

312, 314, 316, 321, 324, 326, 327, 330, 331, 331(E), 337, 348, 355, 356, 358, 361, 363, 366, 367, 374, 381, 383-391, 393, 397, 402, 408, 409, 415, 417-426, 428-439, 441-452, 454-464 & 466-474.[5]    .

Defendants intend to contract these allegations regarding the subject matters of a) whether the statements were made with knowing falsity or in reckless disregard of the truth or falsity thereof; b) whether Infowars, LLC, is liable wherever "Infowars" is identified; c) whether the defendants acted jointly, as agents of each other, and/or in a conspiratorial combination; d) whether each of the statements placed Plaintiffs in a false light; e) whether each of the statements are highly offensive to a reasonable person; f) whether each of the statements caused damages to each plaintiff; g) whether each plaintiff is a private figure; h) whether the defendants participated in a scheme to harass and/or abuse any plaintiff; i) whether the statements accuse each plaintiff of faking a loved one's death and/or was an actor lying about the death of a loved one; j) whether the statements injured any plaintiff's reputation or image or exposed them to hatred, contempt, or ridicule; k) whether each defendants' conduct was extreme or outrageous; l) whether any defendant intended to inflict emotional distress on any plaintiff; m) whether any defendant acted with malice or cruelty; n) whether each plaintiff suffered physical illness or bodily injury; o) whether each defendant acted unethically, oppressively, immorally, or unscrupulously; p) whether each defendant could reasonably foresee each plaintiff's injury; q) whether each plaintiff could have avoided injury; and r) whether any injury to any plaintiff is outweighed by the benefit to society of free and fair discourse on broadly publicized, newsworthy events that are used as a catalyst for legislation.

---

[5] Defendants omit reference to the paragraphs incorporating the prior allegations; however, to the extent applicable, those paragraphs are contradicted to the fullest extent the prior allegations are.

Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor, Hartford, CT 06103 Tel: 702-420-2001 Fax: 305-437-7662

Dated: November 24, 2021

Respectfully submitted,
ALEX EMRIC JONES, INFOWARS, LLC,
FREE SPEECH SYSTEMS, LLC,
INFOWARS HEALTH, LLC, PRISON
PLANET TV, LLC

By: /s/ Jay M. Wolman
Jay M. Wolman– Juris #433791 of
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
P: 702-420-2001
F: 305-437-7662
*Counsel for Defendants Alex E. Jones, Free Speech Systems, LLC, Infowars, LLC, Infowars Health, LLC, and Prison Planet TV, LLC*

And

/s/Norman A. Pattis
Norman A. Pattis
PATTIS & SMITH, LLC
Juris No. 423934
383 Orange Street
New Haven, CT 06511
V: 203-393-3017
F: 203-393-9745
npattis@pattisandsmith.com
*Counsel for Defendants Free Speech Systems, LLC, Infowars, LLC, Infowars Health, LLC, and Prison Planet TV, LLC*
Their Attorneys

## **CERTIFICATION**

      I hereby certify that a copy of the above was mailed or electronically delivered on this 24th day of November, 2021 to all counsel and pro se parties of record and that written consent for electronic delivery was received from all counsel and pro se parties of record who were electronically served including:

| | |
|---|---|
| Alinor C. Sterling<br>Christopher M. Mattei<br>Matthew S. Blumenthal<br>KOSKOFF KOSKOFF & BIEDER<br>350 Fairfield Avenue<br>Bridgeport, CT 06604<br><asterling@koskoff.com><br><cmattei@koskoff.com><br><mblumenthal@koskoff.com><br>*Attorneys for Plaintiffs* | Mario Cerame, Esq.<br>Brignole, Bush & Lewis<br>73 Wadsworth Street<br>Hartford, CT 06106<br><mcerame@brignole.com><br>*Attorneys for Defendant*<br>*Genesis Communications Network, Inc.* |

Eric Henzy
Zesler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06605
<ehenzy@zeislaw.com>
*Attorney for Plaintiff Richard M. Coan, Trustee*
*of the Bankruptcy Estate of Erica Garbatini*
*a/k/a Erica Lafferty*

                                               /s/ Jay M. Woman 433791
                                               Jay M. Wolman