# R.J. Shannon

| | |
|---|---|
| **From:** | R.J. Shannon |
| **Sent:** | Wednesday, May 11, 2022 12:52 PM |
| **To:** | rchapple@cstrial.com; rww@bymanlaw.com |
| **Cc:** | Kyung Lee; Adam Rodriguez |
| **Subject:** | InfoW, LLC - Proposed Stipulation Resolving Disputes [Subject to FRE 408] |
| **Attachments:** | IW - Draft Stipulation re Conn Plaintiffs 4869-8126-8255 v.1.docx |

[Subject to FRE 408]

Ryan and Randy,

We have discussed the possibility of resolving the Debtors' various disputes with the Texas Plaintiffs through a stipulation confirming that the Texas Plaintiffs will not assert claims against the Debtors and the Debtors will not oppose remand of the state court litigation. We would like to make the same proposal to the Connecticut Plaintiffs. The issue we have with the dismissals in both sets of cases is that they purport to be without prejudice so that the Plaintiffs could potentially still assert claims against the Debtors/their estates.

Attached is a draft stipulation that we believe would resolve all the disputes between the parties without having to deal separately in each adversary proceeding or incur unnecessary expense in the bankruptcy case. It is identical to what we proposed to the Texas Plaintiffs with different names and a couple non-substantive nits. The Texas Plaintiffs have not yet agreed to this, but appeared to be open to the concept.

Our understanding is that the primary concern of both sets of Plaintiffs is that Jones and FSS might later try to claim that something was property of one of the Debtors when the stipulation was entered. To protect your clients against that, the draft stipulation provides that the Connecticut Plaintiffs are relying on the assets disclosed in the schedules and made the non-existence of any material undisclosed assets an express requirement for the release to be effective. Jones/FSS would have nothing to gain from playing that game.

Please let us know your thoughts and any comments on the Stipulation. We sent the draft for the Texas Plaintiffs to Max Beatty (max@beattypc.com) and Avi Moshenberg (avi.moshenberg@mhllp.com) about an hour ago.

Thanks,
R. J.

**R. J. Shannon**
Associate
**Parkins Lee & Rubio LLP**
Pennzoil Place
700 Milam Street, Suite 1300
Houston, TX 77002
Direct: (713) 715-1660
Cell: (512) 693-9294
rshannon@parkinslee.com
www.parkinslee.com

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re: | ) Case No. 22-60020 |
| | ) |
| INFOW, LLC, *et al.*, | ) Chapter 11 (Subchapter V) |
| | ) |
| Debtors.¹ | ) Jointly Administered |
| | ) |

**STIPULATION AND ORDER**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, and Robert Parker (collectively, the "Connecticut Plaintiffs" and together with the Debtors, the "Parties") hereby enter into this stipulation (the "Stipulation") and agree as follows:

WHEREAS, on April 18, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under subchapter v of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

WHEREAS, prior to the Petition Date, the Connecticut Plaintiffs commenced state-court actions against one or more of the Debtors styled as: ***(a)*** *Lafferty et al. v Jones et al.*, Docket No. UWY-CV18-6046436-S, in the Connecticut Superior Court; ***(b)*** *Sherlach et al. v. Jones et al.*, Docket No. UWY-CV18-6046437-S, in the Connecticut Superior Court; and ***(c)*** *Sherlach v. Jones*

---

¹ The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

*et al.*, Docket No. UWY-CV18-6046438-S, in the Connecticut Superior Court (collectively, as may have been consolidated, the "State Court Litigation");

WHEREAS, one or more of the Debtors removed or attempted to remove the lawsuits comprising the State Court Litigation to the U.S. Bankruptcy Court for the District of Connecticut (the "Removal Court");

WHEREAS, the Connecticut Plaintiffs filed *Connecticut Plaintiffs' Emergency Motion to Dismiss Chapter 11 Cases and Objection to Debtors' Designation as Subchapter V Small Vendors* [ECF No. 36] (the "Motion to Dismiss") with the U.S. Bankruptcy Court for the Southern District of Texas on April 26, 2022 (the "Motion to Dismiss");

WHEREAS, the Debtors filed their respective Schedules of Assets and Liabilities on May 2, 2022 [ECF Nos. 59 through 78] (collectively, the "Schedules") indicating that the Debtors have *de minimis* assets other than (a) domain names, trademarks, copyrights, and intellectual property rights associated with websites; (b) royalty payments related to Youngevity; (c) causes of action for malpractice for their prepetition attorneys; and (d) rights to payments from Alex Jones ("AEJ") and Free Speech Systems, LLC ("FSS") for administrative expenses and satisfaction of claims under the Plan Support Agreement [ECF Nos. 6-3 and 48-2] (the "PSA") and Declaration of Trust for the 2022 Litigation Settlement Trust [ECF Nos. 6-2 and 48-1] (the "Declaration of Trust");

WHEREAS, after investigation by the Debtors' Chief Restructuring Officer and professionals, the Debtors do not believe that the Debtors have any assets other than those reflected in the Schedules, PSA, and/or Declaration of Trust;

WHEREAS, relying on the veracity of the Schedules and disclosure of the PSA and Declaration of Trust, the Connecticut Plaintiffs no longer wish to be creditors of the Debtors or otherwise participate in the Debtors' bankruptcy cases;

**NOW, THEREFORE, IT IS STIPULATED BY THE PARTIES AND, UPON APPROVAL BY THE BANKRUPTCY COURT, ORDERED THAT:**

1.  *Release of Claims Against the Debtors*. Subject to Paragraph 2 of this Stipulation, each of the Connecticut Plaintiffs hereby releases the Debtors and their respective bankruptcy estates from any and all claims, causes of action, equitable remedies, or rights to payment, existing on the date the Parties executed this Stipulation. For the avoidance of doubt, the Connecticut Plaintiffs each release any and all claims or rights to payment for sanctions against the Debtors or their bankruptcy estates to the fullest extent allowable under applicable nonbankruptcy law and shall not seek the imposition or collection of any sanctions awarded against the Debtors or their bankruptcy estates for acts occuring prior to the date the Parties entered into this Stipulation. The Connecticut Plaintiffs and the Debtors shall cooperate to provide for the dismissal with prejudice of the Debtors from each of the actions comprising the State Court Litigation.

2.  *Limitations on Release*. The release of the Debtors by the Connecticut Plaintiffs contained in this Stipulation shall not be effective to the extent that the Debtors hold material undisclosed assets on the date that the Parties entered into this Stipulation that is property of the Debtors' bankruptcy estates under 11 U.S.C. §§ 541 or 1115. The Debtors' disclosed assets comprise: (a) those assets reflected in the Schedules and (b) funds contemplated to be paid under the PSA or Declaration of Trust, irrespective of whether the PSA or Declaration of Trust contemplated such funds to be paid to the Debtors, their estates, or the 2022 Litigation Settlement Trust. To the extent that the Connecticut Plaintiffs assert that the Debtors or their estates owned material undisclosed assets on the date of this Stipulation and seek to assert claims against the Debtors that would otherwise be released, the Connecticut Plaintiffs shall file a motion with the

Bankruptcy Court seeking an order determining that the releases contemplated by this Stipulation have no force and effect.

3. *Withdrawal of the Motion to Dismiss*. The Connecticut Plaintiffs' hereby withdraw their Motion to Dismiss without prejudice to refiling if the Bankruptcy Court does not approve this Stipulation. Upon approval of the Stipulation, the withdrawal shall be with prejudice.

4. *Withdrawal of Opposition to Remand*. Upon approval of this Stipulation, the Connecticut Plaintiffs may file a pleading or other document, to be approved by the Debtors, which approval shall not be unreasonably withheld, with the Removal Court notifying the Removal Court of this Stipulation and that the Debtors do not oppose remand. At the Connecticut Plaintiffs' request, the Debtors shall join in the Connecticut Plaintiffs' filing or take other reasonable steps to inform the Removal Court that the Debtors do not oppose remand.

5. *Non-Applicability of Automatic Stay and/or Releases to Non-Debtor Parties*. For the avoidance of doubt, (a) the automatic stay pursuant to section 362 of the Bankruptcy Code does not prohibit the continuation of the State Court Litigation against any person other than the Debtors; and (b) the release of the Debtors by the Connecticut Plaintiffs in this Stipulation shall not release any claims, causes of actions, or other rights against any person other than the Debtors.

6. *Subject to Bankruptcy Court Approval*. This Stipulation shall be immediately binding on the Parties and subject only to the approval of the Bankruptcy Court. To the extent that the Bankruptcy Court denies approval of this Stipulation, the Stipulation and the releases and mutual obligations contained herein shall be of no further force and effect.

7. *Retention of Jurisdiction*. The Court shall have and retain (a) with respect to any dispute among only the Parties, sole and exclusive jurisdiction over the enforcement of the terms of this Stipulation as well as with respect to all matters arising from or related to the

implementation and/or interpretation of this Stipulation and (b) with respect to any dispute involving any other person, including any of the Parties and AEJ and/or FSS, non-exclusive jurisdiction over the enforcement of the terms of this Stipulation as well as with respect to all matters arising from or related to the implementation and/or interpretation of this Stipulation. The Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

8.  *Modification of Stipulation*. This Stipulation shall not be modified, altered, amended, or vacated without written consent of all Parties hereto.

Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

STIPULATED AND AGREED ON MAY ___, 2022 BY AND AMONG:

**DAVID WHEELER, FRANCINE WHEELER, JACQUELINE BARDEN, MARK BARDEN, NICOLE HOCKLEY, IAN HOCKLEY, JENNIFER HENSEL, DONNA SOTO, CARLEE SOTO PARISI, CARLOS M. SOTO, JILLIAN SOTO-MARINO, WILLIAM ALDENBERG, WILLIAM SHERLACH, AND ROBERT PARKER**

*/s/ DRAFT*
CAIN & SKARNULIS PLLC
Ryan E. Chapple
State Bar No. 24036354
rchapple@cstrial.com
303 Colorado Street, Suite 2850
Austin, Texas 78701
Tel. 512-477-5000

*/s/ DRAFT*
BYMAN & ASSOCIATES PLLC
Randy W. Williams
State Bar No. 21566850
rww@bymanlaw.com
7924 Broadway, Suite 104
Pearland, Texas 77581
Tel. 281-884-9262
*Counsel to the Connecticut Plaintiffs*

-and-

**INFOW, LLC (F/K/A INFOWARS, LLC), IWHEALTH, LLC (F/K/A INFOWARS HEALTH, LLC), AND PRISON PLANET TV, LLC**

*/s/ DRAFT*
PARKINS LEE & RUBIO LLP
Kyung S. Lee
State Bar No. 12128400
klee@parkinslee.com
R. J. Shannon
State Bar No. 24108062
rshannon@parkinslee.com
700 Milam Street, STE 1300
Houston, Texas 77002
Tel. 713-715-1660
*Proposed Counsel to the Debtors and Debtors in Possession*

6