UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re:<br><br>INFOW, LLC, *et al.*,<br><br>Debtors.[1] | Case No. 22 - 60020<br><br>Chapter 11 (Subchapter V)<br><br>Jointly Administered |

**DEBTORS' APPLICATION TO EMPLOY PARKINS LEE & RUBIO LLP AS BANKRUPTCY COUNSEL FOR THE PERIOD FROM APRIL 18 TO MAY 15, 2022**

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE CHRISTOPHER LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

InfoW, LLC ("InfoW"), IWHealth, LLC ("IW Health"), and Prison Planet TV, LLC ("Prison Planet TV", and together with InfoW and IW Health, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 Cases (the "Bankruptcy Cases"), hereby file this application (the "Application") to employ Parkins Lee & Rubio LLP ("PLR") as bankruptcy counsel, for the period from April 18 to May 15, 2022.  As discussed in detail below, Mr. Kyung S. Lee, the partner at PLR exclusively handling the representation of the Debtors is

---

[1] The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

withdrawing from PLR effective May 15, 2022, will continue to represent the Debtors at his firm Kyung S. Lee PLLC, subject to approval by the Debtors and the Bankruptcy Court, and will seek to have his firm Kyung S. Lee PLLC be retained as Debtors' counsel for the period commencing as of May 16, 2022. In support of the Application, the Debtors submit the Declaration of Kyung S. Lee (the "Lee Declaration"), attached as Exhibit A hereto, and respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the U.S. Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

### A. The Debtors

4. On April 18, 2022 (the "Petition Date"), each of the Debtors commenced a case by filing a petition for relief under chapter 11, subchapter v, of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. Marc Schwartz is the Chief Restructuring Officer of the Debtors. No request for the removal of the Debtors as debtors-in-possession has been made in these Chapter 11 Cases.

6. Additional background information on the Debtors can be found in the Debtors' *Emergency Motion For Order Authorizing Appointment of Russell F. Nelms and Richard S. Schmidt As Trustees of the 2022 Litigation Settlement Trust and Granting Related Relief* [Dkt No. 6].

### B. Proposed Employment of Parkins Lee & Rubio LLP

*i. Scope of Employment*

7. Subject to the Court's approval, PLR will serve as bankruptcy counsel in connection with the Debtors' Chapter 11 Cases, only for the period from the Petition date to May 15, 2022. Following May 15, 2022, Kyung S. Lee, the bankruptcy partner in charge of this representation at PLR will leave the firm and thereafter seek to be retained as the Debtors' counsel, effective May 16, 2022 through his firm Kyung S. Lee PLLC.

*ii. Necessity of Employment*

8. The Debtors believe that the assistance of counsel specializing in bankruptcy is and was necessary and appropriate to administer these Chapter 11 Cases with the goal of ultimately confirming a plan of reorganization. The Debtors cannot proceed in chapter 11 without counsel and would face extreme difficulty complying with the provisions of the Bankruptcy Code and successfully reorganizing their financial affairs for the benefit of their creditors without attorneys who focus their practice on corporate bankruptcy.

*iii. Reasons for Selection*

9. The Debtors retained PLR because of the extensive experience of its attorneys, especially Mr. Lee, in all aspects of corporate bankruptcy and representing chapter 11 debtors in this district. Certain partners and associates of the firm possessed the experience, ability, and resources necessary to provide the services that the Debtors needed to effectuate a successful restructuring.

10. Additionally, Mr. Lee, a PLR partner, has become familiar with the Debtors' financial condition in connection with the preparation of the Debtors' petitions, schedules, and statements prior to the Petition Date. Substantial effort was also expended prior to the Petition Date to developing a structure for a global resolution of claims against the Debtors.

11. Any other firm would need to expend significant time and effort to become familiar with the Debtors, the Plan Support Agreement and related agreements that would delay progress in making progress in administering the subchapter v bankruptcy cases.

12. The Debtors therefore believe that PLR, and especially Mr. Lee, is well-qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

13. Other than Marc Schwartz, the Chief Restructuring Officer of the Debtors, the other partners of PLR have had no contact with, done no legal work for and have no connection with the Debtors or any affiliates of the Debtors. Mr. Schwartz works in a professional capacity with other partners of PLR on other restructuring and bankruptcy cases unrelated to the Chapter 11 Cases. The other partners of the firm, Mr. Parkins and Mr. Rubio, never talked with Mr. Schwartz in his capacity as CRO of the Debtors.

    *iv.    Proposed Compensation & Reimbursement*

14. PLR intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the guidelines (the "Guidelines") established by the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any orders of this Court in these Chapter 11 Cases (the "Orders"), for all services performed and expenses incurred during its representation of the Debtors.

15. Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, the Debtors propose to pay PLR as

set out in the Engagement Agreement attached hereto as <u>Exhibit B</u> and as summarized in the following chart:[2]

| BILLER | RATE |
|---|---|
| Kyung S. Lee | $850 |
| R. J. Shannon | $625 |
| Other Associate Attorneys | $300 - $650 |
| Paralegals | $180 - $250 |

16. The Debtors believe that PLR's agreed terms of reimbursement, compensation, and hourly rates are reasonable. PLR will notify the Debtors of any change in the hourly rates charged for services rendered while the Chapter 11 Cases are pending.

 *v.*   *Retainer*

17. The Debtors engaged PLR to advise the Debtors regarding filing bankruptcy prior to the Petition Date. PLR received a retainer of $175,000 to secure the payment of PLR's fees in connection with the representation.

18. PLR attorneys and paraprofessionals provided the Debtors with services entitling PLR to a fee of $166,902.43 under the Engagement Agreement prior to the Petition. PLR drew upon the retainer to satisfy this obligation on April 16, 2022, leaving $8,097.57 remaining in PLR's client trust account held as a retainer on the Petition Date (the "<u>Remaining Retainer</u>").

19. The Debtors and PLR propose that PLR continue to hold the Remaining Retainer in trust, subject to a final fee application in this case. The Remaining Retainer would be used to satisfy in whole or in part the obligations of the Debtors' bankruptcy estate under such final fee application.

---

[2] The Engagement Agreement also lists the hourly rates of other partner-level attorneys of PLR who were not expected to and did not provide services to the Debtors prior to the Petition Date and during the Chapter 11 Cases.

  *vi.*  *Connections*

20. The Lee Declaration sets out PLR's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. To the best of the Debtors' knowledge, PLR does not hold any connections other than those disclosed in the Lee Declaration.

21. The Debtors believe that PLR neither hold nor represent a disqualifying interest that is averse to the estate and is a "disinterested person." If any new relevant facts or relationships are discovered, PLR will supplement its disclosure to the Court.

  **C.**  **Withdrawal of Kyung S. Lee as a Partner of Parkins Lee & Rubio LLP**

22. Since the Petition Date, the Debtors have been represented by PLR. PLR presently has three partners: Lenard M. Parkins, Kyung S. Lee and Charles M. Rubio. Kyung Lee is the exclusive partner at PLR who is and has been responsible for this representation and the only PLR partner who has worked for these debtors pre-and post-petition.

23. Neither Mr. Parkins nor Mr. Rubio has spent any time working on these Bankruptcy Cases either on a pre- or post-petition.[3] Other than Mr. Lee, Mr. Parkins and Mr. Rubio, do not know – and have never met or spoken to – Mr. Alex Jones and do not know or have any involvement in any manner with the Debtors' Chapter 11 Cases.

24. After he leaves the firm, Mr. Lee intends to continue to practice law under Kyung S. Lee PLLC. Subject to approval by the Debtors and the Bankruptcy Court, Mr. Lee intends to seek to continue to represent the Debtors at his new firm Kyung S. Lee PLLC.

---

[3]  Mr. Parkins and Mr. Rubio did work on this Application to address that PLR's representation of the Debtors and that the firm's involvement in these Bankruptcy Cases will terminate following May 15, 2022.

**RELIEF REQUESTED**

25. The Debtors request that the Court enter an order substantially in the form of the proposed order attached hereto (the "Proposed Order") authorizing the Debtors to retain PLR as bankruptcy counsel, pursuant to the terms of the Engagement Agreement, for the period starting from April 18, 2022 and concluding on May 15, 2022.

**BASIS FOR RELIEF**

26. Subject to bankruptcy court approval, Bankruptcy Code § 327(a) authorizes trustees—and debtors-in-possession—to "employ one or more attorney's accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties . . . ." Bankruptcy Code § 327(c) provides that "[i]n a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."

27. Bankruptcy Rule 2014 requires certain disclosures prior to the entry of an order approving the employment of a professional. According to Bankruptcy Rule 2014, the application must:

    (a) Be filed by the trustee or committee and served on the United States Trustee (except in cases under chapter 9 of the Bankruptcy Code);

    (b) State the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and

(c) Be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

### A. PLR Meets the Requirements of Bankruptcy Code § 327(a)

28. Based on the Lee Declaration, the Debtors submit that PLR neither holds nor represents a disqualifying adverse interest and is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

29. The term "disinterested person" is defined by the Bankruptcy Code. According to Bankruptcy Code § 101(14):

> The term "disinterested person" means a person that— (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

30. The Lee Declaration discloses no connections with the Debtors that would disqualify PLR as a "disinterested person" and the Debtors are aware of no connections in addition to those disclosed in the Lee Declaration.

### B. This Application and the Lee Declaration Meet the Requirements of Bankruptcy Rule 2014

31. This Application and the Lee Declaration meet the requirements as set out in Bankruptcy Rule 2014. This Application is made by the Debtors and sets out the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, the proposed arrangement for compensation. The Lee Declaration is a verified statement pursuant to 28 U.S.C § 1746 that sets out all connections that PLR has with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the U.S.

Trustee, or any person employed in the office of the U.S. Trustee. The Debtors are not aware of any other connections in addition to those disclosed in the Lee Declaration.

      **C.    Good Cause Exists to Limit the Retention For the Period From the Petition Date to May 15, 2022**

32.    Cause exists to limit the retention of PLR from the Petition Date to May 15, 2022.

33.    First, Kyung Lee has been the exclusive partner at PLR that has handled this representation pre- and post-petition and he is voluntarily withdrawing from the firm effective May 15, 2022. No other partner at PLR has worked on this file. The other two partners of the firm, Lenard Parkins and Charles Rubio, have not spent one minute of time on this file. Accordingly, upon the withdrawal of Mr. Lee from PLR, PLR will have no partner with knowledge of the Chapter 11 Cases.

34.    Additionally, since last October, Mr. Parkins and Mr. Rubio are, and have been fully committed time wise, to other firm clients. Mr. Parkins and Mr. Rubio would not have taken on these Debtors because they had no time to commit to zealously represent these clients, and thus never met the clients' or their principals and did not and do not presently want to be the lawyers to represent these clients. Except for Mr. Lee, there would never have been any PLR partner contact with the clients or their principals pre- or post-petition.

35.    Mr. Parkins and Mr. Rubio have given no advice, direction or strategy to the Debtors or their principals. The only PLR partner involved and that has wanted to represent these debtors has been Mr. Lee and he is now leaving the firm.

36.    Further, with continued representation, PLR might be faced with a positional conflict with a pre-existing client at the firm – the Official Committee of Talc Claimants in the LTL Management LLC bankruptcy case,[4] where PLR has been retained pursuant to a court order

---

[4]    In re LTL Management LLC, Case # 21-30589 (Bankr. D.N.J.)

9

entered on December 16, 2021, making the effective date of retention November 11, 2021. PLR could not represent the Debtors in the upcoming motions to dismiss the Chapter 11 Cases, and neither Mr. Parkins nor Mr. Rubio would be able to zealously represent the interests of the Debtors and their estates in connection with such pending motions to dismiss. Because of the potential for a positional conflict, neither Mr. Parkins, Mr. Rubio nor PLR will be or can be involved in any way in such representation. After Mr. Lee leaves, the remaining partners of PLR and the firm ethically cannot represent the Debtors in these matters.

37. However, termination of PLR's representation on May 15, 2022, should not cause any delay or prejudice to the Debtors in these Chapter 11 Cases. Mr. Lee, the only PLR partner who has ever worked on this file, will seek to continue to serve as bankruptcy counsel for the Debtors at his new firm Kyung S. Lee PLLC. Therefore, it is PLR's belief that there should be a smooth transition, no added transition costs, and no delays.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form of the Proposed Order approving the employment of PLR for the period from April 18, 2022 to May 15, 2022, and grant any other relief that is just and proper.

Dated: May 13, 2022

Respectfully submitted,

*/s/ W. Marc Schwartz*

W. Marc Schwartz
Chief Restructuring Officer and Authorized
Representative of InfoW, LLC, IW Health,
LLC and Prison Planet TV, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that (a) on May 13, 2022, a true and correct copy of this Application was served by the Court's CM/ECF system on all parties registered to receive such service and (b) on or before May 16, 2022, a true and correct copy of this Application shall be served U.S.P.S. first class mail, postage prepaid on the parties indicated on the attached service list.

                                              */s/R. J. Shannon*
                                              R. J. Shannon

```
Label Matrix for local noticing          IWHealth, LLC                            InfoW, LLC
0541-6                                   5606 N. Navarro                          5606 N. Navarro
Case 22-60020                            Ste. 300-W                               Ste. 300-W
Southern District of Texas               Victoria, TX 77904-1770                  Victoria, TX 77904-1770
Victoria
Fri May 13 16:12:53 CDT 2022

Insert Company Name, LLC                 Prison Planet TV, LLC                    6
1334 Brittmoore Rd                       5606 N. Navarro                          United States Bankruptcy Court
Ste 1327                                 Ste. 300-W                               PO Box 61010
Houston, TX 77043-4035                   Victoria, TX 77904-1770                  Houston, TX 77208-1010


Alex E. Jones                            Brennan Gilmore                          Carlee Soto-Parisi
c/o Jordan & Ortiz, P.C.                 c/o Civil Rights Clinic                  c/o Koskoff Koskoff & Bieder
Attn: Shelby Jordan                      ATTN: Andrew Mendrala                    350 Fairfield Ave
500 North Shoreline Blvd, STE 900        600 New Jersey Avenue, NW                Bridgeport, CT 06604-6014
Corpus Christi, TX 78401-0658            Washington, DC 20001-2022


Carlos Soto                              Christopher Sadowski                     Dona Soto
c/o Koskoff Koskoff & Bieder             c/o Copycat Legal PLLC                   c/o Koskoff Koskoff & Bieder
350 Fairfield Ave                        3111 N. University Drive Ste. 301        350 Fairfield Ave
Bridgeport, CT 06604-6014                Coral Springs, FL 33065-5058             Bridgeport, CT 06604-6014


Erica Lafferty                           Francine Wheeler                         Free Speech Systems, LLC
c/o Koskoff Koskoff & Bieder             c/o Koskoff Koskoff & Bieder             c/o Law Office of Raymond W. Battaglia
350 Fairfield Ave                        350 Fairfield Ave                        66 Granburg Circle
Bridgeport, CT 06604-6014                Bridgeport, CT 06604-6014                San Antonio, TX 78218-3010


Ian Hockley                              Jacqueline Barden                        Jennifer Hensel
c/o Koskoff Koskoff & Bieder             c/o Koskoff Koskoff & Bieder             c/o Koskoff Koskoff & Bieder
350 Fairfield Ave                        350 Fairfield Ave                        350 Fairfield Ave
Bridgeport, CT 06604-6014                Bridgeport, CT 06604-6014                Bridgeport, CT 06604-6014


Jeremy Richman                           Jillian Soto                             Larry Klayman, Esq.
c/o Koskoff Koskoff & Bieder             c/o Koskoff Koskoff & Bieder             7050 W. Palmetto Park Rd
350 Fairfield Ave                        350 Fairfield Ave                        Boca Raton, FL 33433-3426
Bridgeport, CT 06604-6014                Bridgeport, CT 06604-6014


Leonard Pozner                           Marcel Fontaine                          Mark Barden
c/o Kaster Lynch Farrar & Ball LLP       c/o Kaster, Lynch, Farrar & Ball LLP     c/o Koskoff Koskoff & Bieder
1117 Herkimer                            1117 Herkimer                            350 Fairfield Ave
Houston, TX 77008-6745                   Houston, TX 77008-6745                   Bridgeport, CT 06604-6014


Neil Heslin                              Nicole Hockley                           PQPR Holdings Limited, LLC
c/o Kaster Lynch Farrar & Ball LLP       c/o Koskoff Koskoff & Bieder             c/o Eric Taub, Waller
1117 Herkimer                            350 Fairfield Ave                        100 Congress Ave STE 1800
Houston, TX 77008-6745                   Bridgeport, CT 06604-6014                Austin, TX 78701-4042


Randazza Legal Group                     Robert Parker                            Scarlett Lewis
2764 Lake Sahara Dr STE 109              c/o Koskoff Koskoff & Bieder             c/o Kaster Lynch Farrar & Ball, LLP
Las Vegas, NV 89117-3400                 350 Fairfield Ave                        1117 Herkimer Street
                                         Bridgeport, CT 06604-6014                Houston, TX 77008-6745
```

| | | |
|---|---|---|
| US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 | Veronique De La Rosa<br>c/o Kaster Lynch Farrar & Ball LLP<br>1117 Herkimer<br>Houston, TX 77008-6745 | William Aldenberg<br>c/o Koskoff Koskoff & Bieder<br>350 Fairfield Ave<br>Bridgeport, CT 06604-6014 |
| William Sherlach<br>c/o Koskoff Koskoff & Bieder<br>350 Fairfield Ave<br>Bridgeport, CT 06604-6014 | David Wheeler, et al.<br>c/o Cain & Skarnulis PLLC<br>303 Colorado Street<br>Suite 2850<br>Austin, TX 78701-4653 | Kyung Shik Lee<br>Kyung S. Lee PLLC<br>4723 Oakshire Drive<br>Apt. B<br>Houston, TX 77027-5499 |
| Melissa A Haselden<br>Haselden Farrow PLLC<br>Pennzoil Place<br>700 Milam<br>Suite 1300<br>Houston, TX 77002-2736 | R. J. Shannon<br>Parkins Lee & Rubio LLP<br>700 Milam St., STE 1300<br>Houston, TX 77002-2736 | Ray W. Battaglia<br>Law Offices of Ray Battaglia, PLLC<br>66 Granburg Circle<br>San Antonio, TX 78218-3010 |
| Shelby A Jordan<br>Jordan & Ortiz PC<br>500 N Shoreline Blvd<br>Ste 900<br>Corpus Christi, TX 78401-0658 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Neil Heslin, et al. | (u)Nina Khalatova | End of Label Matrix<br>Mailable recipients   39<br>Bypassed recipients    2<br>Total                 41 |