## Exhibit A

Lee Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| INFOW, LLC, *et al.*, | )   Case No. 22 - 60020 |
| | ) |
| Debtors.[5] | )   Chapter 11 (Subchapter V) |
| | ) |
| | )   Jointly Administered |

**DECLARATION OF KYUNG S. LEE IN SUPPORT OF**
**THE DEBTORS' APPLICATION TO EMPLOY**
**PARKINS LEE & RUBIO LLP AS BANKRUPTCY COUNSEL**

I, Kyung S. Lee, declare under penalty of perjury as follows:

1.       I am an attorney at law duly admitted and in good standing to practice in the State

of Texas and United States District Court for the Southern District of Texas.  Until May 15, 2022,

I am an attorney in the Houston office of the law firm Parkins Lee & Rubio LLP ("PLR"), located

at 700 Milam Street, Suite 1300, Houston, Texas 77002.

2.       I am making this declaration in support of the Debtors' Application to Employ

Parkins Lee & Rubio LLP as Bankruptcy Counsel (the "Application").  Unless otherwise indicated,

capitalized terms used but not defined herein have the meanings ascribed in the Application.

3.       Except as otherwise noted, all facts set forth in this declaration are based upon my

personal knowledge, upon the client and matter records of PLR reviewed by me or PLR legal

assistants or paralegals under my supervision and direction or derived from information available

to me that I believe to be true and correct.

---

[5]     The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax
identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a
Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO
Box 1819, Houston, TX 77251-1819.

**A.      Scope of Services**

4.      Pursuant to the Engagement Agreement, the Application, and the Proposed Order attached thereto, PLR will serve as bankruptcy counsel to the Debtors in connection with the above-captioned bankruptcy cases for the period form the Petition Date to May 15, 2022.  In connection with this representation, PLR will take all necessary and appropriate actions to administer the Debtors' Chapter 11 Cases.

**B.      Proposed Compensation**

5.      PLR will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, Guidelines, and Orders for all services performed and expenses incurred during its representation of the Debtors.

6.      Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Guidelines, and the Orders, PLR intends to request the allowance of its compensation as set out in the Engagement Agreement and as summarized in the following chart:

| BILLER | RATE |
|---|---|
| Kyung S. Lee | $850 |
| R. J. Shannon | $625 |
| Other Associate Attorneys | $300 - $650 |
| Paralegals | $180 - $250 |

7.      These rates reflect the rates that PLR ordinarily charges clients in bankruptcy and non-bankruptcy matters and are less than or equal to the rates of similarly skilled and experience attorneys in this district.  PLR submits that these agreed terms of reimbursement, compensation,

and hourly rates are reasonable. PLR will notify the Debtors of any change in the hourly rates charged for services rendered.

### C.        Retainer & Prepetition Payments

8.        The Debtors engaged PLR to advise the Debtors regarding filing bankruptcy prior to the Petition Date.  PLR received a retainer of $175,000 to secure the payment of PLR's fees in connection with the representation.

9.        Prior to the Petition Date, PLR attorneys and paraprofessionals provided the Debtors with services entitling PLR to a fee of $$166,902.43 under the Engagement Agreement. PLR drew upon the retainer to satisfy this obligation on April 16, 2022, leaving $8,097.57 remaining in PLR's client trust account.

### D.        Disclosure of Connections

10.        PLR performed the following actions to determine whether it or any of its attorneys has any disclosable connections, to the Debtors, creditors, any other party in interest, their respect attorneys and accountants, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any of the judges for the U.S. Bankruptcy Court for the Southern District of Texas:

> a.        First, PLR staff sent emails to all email account holders within PLR requesting the recipient respond to any representation known to be adverse or otherwise connected to the Debtors or their estates. Neither I nor my staff received any responses indicating that a conflict or connection exists.

> b.        Second, PLR staff conducted a computerized search of all former clients of PLR and its attorneys using the list of parties in interest listed in Schedule 1 hereto.

> c.        Third, a list of connections and potential connections was created to investigate whether such connections amounted to disqualifying interests.

11.        The search uncovered no connection.

3

12.     The results of the foregoing connections search process confirm that neither I, PLR, nor any of its employees or shareholders, to the best of my knowledge, have any disqualifying connections. PLR does not have any debt or equity securities in the Debtors, is not an insider of the Debtors, and was not a creditor of the Debtors on the Petition Date.

13.     PLR may have provided services to creditors or other parties in interest inadvertently omitted from Schedule 1 or the description above. To the extent that such connections exist, they would be on matters wholly unrelated to the service for which the Debtors seeks to engage PLR.

**E.     Affirmative Statement of Disinterestedness**

14.     Based on the connections review conducted to date and described herein, to the best of my knowledge and insofar as I am able to ascertain, PLR is a "disinterested person" within the meaning of Bankruptcy Code § 101(14), as modified by Bankruptcy Code § 1107(b), as required by Bankruptcy Code § 327(a). PLR is not a creditor, an equity security holder, or an insider of the Debtors; PLR is not and was not within 2 years before the Petition Date a director, officer, or employee of the Debtors; and PLR does not have any interest materially adverse to the interests of the Debtors' bankruptcy estate or any class of creditors or equity security holders.

**F.     Bankruptcy Rule 2016(b) Disclosures**

15.     Pursuant to Bankruptcy Code § 504 and Bankruptcy Rule 2016, PLR has not shared or agreed to share (a) any of its compensation from the representation of the Debtors with any other persons or (b) any compensation any other persons have received, may have received, or will receive.

4

**G.      Withdraw from Parkins Lee & Rubio LLP**

16.      After I leave the firm effective May 15, 2022, I intend to continue to practice law under Kyung S. Lee PLLC.  Subject to retention by the Debtors and Bankruptcy Court approval, I intend to represent the Debtors at Kyung S. Lee PLLC.

17.      I have been the only partner at the firm to work on these Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 13, 2022,          By: /s/

Kyung S. Lee

## SCHEDULE 1 TO LEE DECLARATION

## SEARCHED PARTIES

Debtors & Professionals

InfoWars, LLC
InfoWars Health, LLC
Prison Planet TV, LLC
Free Speech Systems LLC
Russell Nelms
Richard Schmidt

Debtors's Equity

Alex Jones
Alex Emeric Jones

Creditors & Parties in Interest

Leonard Pozner
Veronique De La Roase
Erica Lafferty
Neil Heslin
Scarlet Lewis