# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | |
|---|---|
| In re: | Case No. 22-60020 |
| INFOW, LLC, *et al.*, | Chapter 11 (Subchapter V) |
| Debtors.[1] | Jointly Administered |

## STIPULATION AND ORDER

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine (collectively, the "Texas Plaintiffs" and together with the Debtors, the "Parties") hereby enter into this stipulation (the "Stipulation") and agree as follows:

WHEREAS, on April 18, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under subchapter v of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court");

WHEREAS, prior to the Petition Date, the Texas Plaintiffs commenced state-court actions against one or more of the Debtors styled as: *(a) Neil Heslin v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Owen Shroyer*, Cause No. D-1-GN-18-001835, in the 261st District Court of Travis County, Texas; *(b) Scarlett Lewis v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC*, Cause No. D-1-GN-18-006623, in the 53rd District Court for Travis County, Texas; *(c) Leonard Pozner and Veronique De La Rosa v. Alex E. Jones, Infowars, LLC, Free Speech*

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are as follows: InfoW, LLC, f/k/a Infowars, LLC (6916), IWHealth, LLC f/k/a Infowars Health, LLC (no EIN), Prison Planet TV, LLC (0005). The address for service to the Debtors is PO Box 1819, Houston, TX 77251-1819.

*Systems, LLC*, Cause No. D-1-GN-18-001842, in the 345th District Court of Travis County, Texas; **_(d)_** *Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, and Kit Daniels*, Cause No. D-1-GN-18-001605 in the 459th District Court for Travis County, Texas; and **_(e)_** *Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, Marcel Fontaine v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC, PQPR Holdings Limited LLC,  JLJR Holdings, LLC, PLJR Holdings, LLC, Carol Jones, David Jones, PQPR Holdings, LLC, JLJR Holdings Limited, LLC, AEJ Holdings, LLC, AEJ Trust 2018*, Cause No. D-1-GN-22-001610, in the 200th District Court for Travis County (collectively, as may have been consolidated, the "State Court Litigation");

WHEREAS, one or more of the Debtors removed or attempted to remove the lawsuits comprising the State Court Litigation to the U.S. Bankruptcy Court for the Western District of Texas (the "Removal Court");

WHEREAS, the Texas Plaintiffs filed *The Texas Litigation Plaintiffs' Supplemental Motion to Dismiss Petition* [ECF No. 42] (the "Motion to Dismiss") with the U.S. Bankruptcy Court for the Southern District of Texas on April 27, 2022 (the "Motion to Dismiss");

WHEREAS, the Debtors filed their respective Schedules of Assets and Liabilities on May 2, 2022 [ECF Nos. 59 through 78] (collectively, the "Schedules") indicating that the Debtors have the following assets  (a) domain names, trademarks, copyrights, and intellectual property rights associated with websites; (b) royalty payments related to Youngevity; (c) causes of action for malpractice for their prepetition attorneys; and (d) rights to payments from Alex Jones ("AEJ") and Free Speech Systems, LLC ("FSS") for administrative expenses and satisfaction of claims under the Plan Support Agreement [ECF Nos. 6-3 and 48-2] (the "PSA") and Declaration of Trust for the 2022 Litigation Settlement Trust [ECF Nos. 6-2 and 48-1] (the "Declaration of Trust");

WHEREAS, after investigation by the Debtors' Chief Restructuring Officer and professionals, the Debtors do not have any assets other than those reflected in the Schedules, PSA, and/or Declaration of Trust;

WHEREAS, relying on the veracity of the Schedules and disclosure of the PSA and Declaration of Trust, the Texas Plaintiffs no longer wish to be creditors of the Debtors, to assert or hold claims, as that term is defined in Bankruptcy Code § 101(5) against the Debtors or to otherwise participate in the Debtors' bankruptcy cases;

**NOW, THEREFORE, IT IS STIPULATED BY THE PARTIES AND, UPON APPROVAL BY THE BANKRUPTCY COURT, ORDERED THAT:**

1.      *Dismissal of Claims Against the Debtors*.  Subject to Paragraph 2 of this Stipulation, each of the Texas Plaintiffs hereby agree to dismiss their claims solely against the Debtors in the State Court Litigation with prejudice. For the avoidance of doubt, the Texas Plaintiffs each dismiss with prejudice any and all claims or rights to payment for sanctions solely against the Debtors or their bankruptcy estates to the fullest extent allowable under applicable nonbankruptcy law and shall not seek the imposition or collection of any sanctions awarded against the Debtors or their bankruptcy estates for acts occurring prior to the date of approval of the Stipulation by the Bankruptcy Court.  The dismissal of such claims and rights to payment by the Texas Plaintiffs in no way precludes the Texas Plaintiffs from asserting claims against any of the Debtors based on any causes of action that arise *after* the date the Bankruptcy Court approves this Stipulation. The Texas Plaintiffs and the Debtors shall cooperate to provide for the dismissal with prejudice of the Debtors from each of the actions comprising the State Court Litigation, including the filing of the signed Stipulation or any reasonably necessary documentation with the Removal Court.  The approved Stipulation may be filed with the Removal Court and shall have the effect of a stipulation

of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Upon approval of the Stipulation by the Bankruptcy Court, the Texas Plaintiffs shall not hold any claims against the Debtors and shall not be creditors of the Debtors.

2.      *Limitations on Dismissal*. The dismissal of the claims against the Debtors by the Texas Plaintiffs contained in this Stipulation shall not be effective to the extent that the Debtors hold undisclosed assets, which are the property of the Debtors' bankruptcy estates under 11 U.S.C. §§ 541 or 1115, on the date that the Bankruptcy Court approves this Stipulation. For purposes of this Stipulation, the Debtors' disclosed assets comprise: (a) those assets reflected in the Schedules and (b) funds stated to be paid under the PSA or Declaration of Trust— irrespective of whether the PSA or Declaration of Trust contemplated such funds to be paid to the Debtors, their estates, or the 2022 Litigation Settlement Trust, if the Debtors, among other things, satisfy the conditions set out in the PSA, Declaration of Trust or the confirmed a plan of reorganization in the Debtors' bankruptcy cases. To the extent that the Texas Plaintiffs assert that the Debtors or their estates owned undisclosed assets on the date of approval of this Stipulation and seek to assert claims against the Debtors that would otherwise be dismissed, the Texas Plaintiffs shall first file a motion with the Bankruptcy Court seeking an order determining that the dismissals contemplated by this Stipulation have no force and effect.  In the event the Bankruptcy Court finds that the dismissals have no force and effect by a final order, the Texas Plaintiffs shall thereafter have the right to file any claims, suits, complaints, actions, or proceedings in any court of appropriate jurisdiction.

3.      *Withdrawal of the Motion to Dismiss*. Upon approval of the Stipulation by the Bankruptcy Court, the Texas Plaintiffs' Motion to Dismiss shall be deemed withdrawn with prejudice. The dismissal with prejudice of the Texas Plaintiffs Motion to Dismiss shall not impair

the right of the Texas Plaintiffs to bring by way of motion claims by them that the Debtors or their estates owned undisclosed assets on the date of the approval of the Stipulation.

4.      *Withdrawal of Opposition to Remand*. Upon approval of this Stipulation, the Texas Plaintiffs may file a pleading or other document, to be approved by the Debtors, which approval shall not be unreasonably withheld, with the Removal Court notifying the Removal Court of this Stipulation and that the Debtors do not oppose remand, without in any manner admitting any assertion of fact or conclusion of law set out in any of the Texas Plaintiffs pleadings in this Bankruptcy Court or in the State Court.  At the Texas Plaintiffs' request, the Debtors shall join in the Texas' Plaintiffs filing or take other reasonable steps to inform the Removal Court that the Debtors do not oppose remand.

5.      *Non-Applicability of Automatic Stay and/or Dismissals to Non-Debtor Parties*. For the avoidance of doubt, (a) the automatic stay pursuant to section 362 of the Bankruptcy Code shall not prohibit the continuation of the State Court Litigation against any person other than the Debtors; and (b) the dismissal of claims against the Debtors by the Texas Plaintiffs in this Stipulation shall not release, dismiss, or otherwise affect any claims, causes of actions, or other rights against any person other than the Debtors, including but not limited to AEJ and FSS and the other defendants named in the State Court Litigation.

6.      *Subject to Bankruptcy Court Approval*. This Stipulation shall be binding on the Parties and subject to the approval of the Bankruptcy Court. To the extent that the Bankruptcy Court denies approval of this Stipulation, the Stipulation, all the agreements and the dismissals contemplated, and mutual obligations contained herein shall be of no further force and effect.

7.      *Retention of Jurisdiction*. The Court shall have and retain (a) with respect to any dispute among only the Parties, sole and exclusive jurisdiction over the enforcement and/or

implementation of the terms of this Stipulation, and (b) with respect to any dispute involving any other person, including any of the Parties and AEJ and/or FSS, non-exclusive jurisdiction over the enforcement and/or implementation of the terms of this Stipulation. The Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

8.  *Modification of Stipulation*. This Stipulation shall not be modified, altered, amended, or vacated without written consent of all Parties hereto.

Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

STIPULATED AND AGREED ON MAY 18, 2022 BY AND AMONG:

**NEIL HESLIN, SCARLETT LEWIS, LEONARD POZNER, VERONIQUE DE LA ROSA, and MARCEL FONTAINE**

| /s/ J. Maxwell Beatty | /s/ Avi Moshenberg |
|---|---|

THE BEATTY LAW FIRM PC
J. Maxwell Beaty
State Bar No. 24051740
max@beattypc.com
1127 Eldridge Pkwy
Suite 300, #383
Houston, Texas 77077
Tel. 832-529-3381

MCDOWELL HETHERINGTON LLP
Avi Moshenberg
State Bar No. 24083532
avi.moshenberg@mhllp.com
1001 Fannin Street, Suite 77002
Houston, Texas 77002
Tel. 713-337-5580

*Counsel to the Texas Plaintiffs*

-and-

**INFOW, LLC (F/K/A INFOWARS, LLC),**
**IWHEALTH, LLC (F/K/A INFOWARS**
**HEALTH, LLC), AND PRISON PLANET TV, LLC**

*/s/ Kyung S. Lee*

KYUNG S. LEE PLLC
Kyung S. Lee
State Bar No. 12128400
klee@kslpllc.com
700 Milam Street, STE 1300
Houston, Texas 77002
Tel. 713-301-4751
*Proposed Counsel to the Debtors*

7

## **CERTIFICATE OF SERVICE**

I certify that, on May 18, 2022, a copy of the foregoing motion was served on all parties registered to receive such service via the Court's ECF system.

*/s/ J. Maxwell Beatty*
J. Maxwell Beatty