```
 1                    UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3                                 ) CASE NO: 22-60020
     InfoW, LLC                    )
 4                                 ) Houston, Texas
     and                           )
 5                                 ) Monday, June 8, 2022
     IWHealth, LLC,                )
 6                                 ) 9:01 A.M. to 9:08 A.M.
                        Debtors.   )
 7   ------------------------------)

 8                           MOTION HEARING

 9           BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
                  UNITED STATES BANKRUPTCY JUDGE
10

11   APPEARANCES:

12   For Debtors:              KYUNG SHIK LEE
                               Kyung S. Lee PLLC
13                             4723 Oakshire Drive, Apt. B
                               Houston, TX 77027
14
                               R.J. SHANNON
15                             Shannon & Lee, LLP
                               700 Milam St., Suite 1300
16                             Houston, TX 77002

17
     For U.S. Trustee:         JAYSON B. RUFF
18                             Office of the United States Trustee
                               515 Rusk St., Suite 3516
19                             Houston, TX 77002

20                             MELISSA A. HASELDEN
                               Haselden Farrow, PLLC
21                             Pennzoil Place
                               700 Milam, Suite 1300
22                             Houston, TX 77002

23   Court Reporter:           R. WILLBORG

24   Courtroom Deputy:         KIMBERLY PICOTA

25
```

```
1    Transcribed by:          Veritext Legal Solutions
                              330 Old Country Road, Suite 300
2                             Mineola, NY 11501
                              Tel: 800-727-6396
3


4


5    Proceedings recorded by electronic sound recording;
     Transcript produced by transcription service.
6


7


8


9


10


11


12


13


14


15


16


17


18


19


20


21


22


23


24


25
```

```
 1          HOUSTON, TEXAS; MONDAY, JUNE 13, 2022; 9:01 A.M.

 2                    P R O C E E D I N G S

 3          THE COURT:  Okay.  Good morning, everyone.  This

 4   is Judge Lopez.  Today is June 10th.  We have called the 9

 5   a.m. docket, InfoW, et al. here on a hearing.  Let me go

 6   ahead and take appearances while I begin with appearances in

 7   the courtroom.

 8          MR. SHANNON:  Good morning, Your Honor.  R.J.

 9   Shannon of the new law firm Shannon & Lee LLP on behalf of

10   the Debtors in this case.  Mr. Marc Schwartz, the Debtor's

11   CRO is also in the courtroom.  And I believe you'll be

12   hearing from Mr. Kung Lee.

13          THE COURT:  Okay.  I see you there, Mr. Lee.  Can

14   you hear me okay?

15          MR. LEE:  Yes.  Yes, Your Honor.  Can you hear me?

16          THE COURT:  Just fine.  Good morning, sir.

17          MR. LEE:  Good morning, Your Honor.

18          MR. RUFF:  Good morning, Your Honor.  Jayson Ruff

19   for the U.S. Trustee's Office.

20          THE COURT:  Good morning, Mr. Ruff.  Ms. Haselden,

21   can you hear me okay?

22          MS. HASELDEN:  Good morning, Your Honor.

23          THE COURT:  Good morning.  That's the Sub-Chapter

24   5 Trustee.  Does anyone else wish to make an appearance in

25   this case?  Okay, I saw that a stipulation between the
```

1    United States Trustee's Office and InfoW LLC, et al., was

2    filed June 1st.  And it includes -- it's actually a

3    dismissal of the case.  We had a hearing today.  I thought

4    it was important to just -- since it was filed on the docket

5    and we had a hearing -- just to give everyone and anyone an

6    opportunity to respond to the stipulation and tell me

7    anything that they wished.  I will tell everyone from the

8    outside that I have reviewed the stipulation.  I have a kind

9    of a technical question, but I'm comfortable with signing

10   it, if that's what the parties are still asking me to do.

11          So, unless the parties wish to tell me something,

12   I can ask my question.  But why don't I open it up?  Mr.

13   Ruff, you're in the courtroom, I could turn it over to you,

14   sir.

15          MR. RUFF:  Thank you, Your Honor.  You know, no

16   changes.  The stipulation still stands.

17          THE COURT:  Okay.

18          MR. RUFF:  So, if Your Honor does have any

19   questions, I'd be happy to answer those.

20          THE COURT:  Okay.  Mr. Shannon, is there anything

21   you wish to tell me?

22          MR. SHANNON:  Your Honor, I have nothing to add.

23          THE COURT:  Okay.  So, the only technical question

24   I had -- and really just so I understand the process -- I

25   understand within ten days of me signing this order, so --

1     the Sub-Chapter 5 Trustee is going to file the final

2     application and everybody has the right to object.  And

3     then, Ms. Haselden, I guess we'll take whatever fees are

4     allowed, deduct them from (indiscernible) and return it to

5     the Debtors.  What does return to the Debtors mean?  I just

6     want there to be clarity on what that means and maybe I'll

7     understand it.  I just want to make sure that --

8          MR. RUFF:  Yeah, so she's -- so, the way it's set

9     out in the order is upon the Court's entry of the order, the

10    Debtors will refund to Ms. Haselden $25,000 for her to hold

11    in her -- trust in her IOLTA account.  She will then apply

12    for fees and the last I spoke with Ms. Haselden, she

13    believed her fees would probably be a little bit, you know,

14    below that amount.  So, it was anticipated that there would

15    be some additional funds after she applied whatever is in

16    her IOLTA to the approved fees, and then she would just

17    return to the Debtors the excess amount.

18         THE COURT:  That's fine.  Ms. Haselden, I just

19    want to make sure that you know kind of what that really

20    means in terms of where you're going to return it and to

21    whom.  And I don't need -- we don't need to put it in the

22    stip, as long as everybody's clear as to kind of where the

23    amount's going to go so there's no confusion in that on the

24    backend.  I -- we don't need to add it to the stipulation.

25    I just want to make sure.  And today's not the day to take

1    that up.  I just want everyone to kind of know it -- to the

2    extent we need to work out the logistics on that.  Just so

3    everybody's really clear -- Ms. Haselden's going to wire it

4    or write a check to -- and to whom it goes and the specifics

5    on that, just to -- because I don't think these Debtors have

6    a bank account.  So, returning it to the Debtors is just a

7    logistical question we don't need to take up today.  But

8    that's not going to hold me up from signing the stip.

9            MR. SHANNON:  And, Your Honor, I can answer your

10   question.  The Debtor IWHealth LLC does have a bank account.

11   That is where the funds are going to be coming from and

12   that's where they should go back to.

13           THE COURT:  Got it.  Okay.

14           MR. SHANNON:  How Ms. Haselden wants to do that

15   with a check, wire, ACH --

16           THE COURT:  Why don't -- why don't you all work

17   that out?  I'm okay with it.  Okay.  I don't think there's

18   much for me to say.  I think the stipulation deals with

19   everything.  I don't anticipate, aside from signing an order

20   approving fees at whatever -- and everybody's right to

21   reserve an amount -- I'm not taking anything else out after

22   this?

23           MR. RUFF:  That is correct, Your Honor.

24           THE COURT:  Okay.  That's the -- that's the other

25   clarifying point I wanted to make sure --

1          MR. RUFF:  We just -- we just thought it was

2    appropriate for the Court to retain jurisdiction just for

3    that.

4          THE COURT:  Okay.  No, no, no, and I'm happy to do

5    that.  And I think that all makes sense.  I just want to

6    make sure everybody's clear --

7          MR. RUFF:  Yes.

8          THE COURT:  -- that really by signing the

9    stipulation, the case is over, with the exception of Ms.

10   Haselden's remaining fee.  So, Mr. Schwartz, I thank you for

11   your time on this case.  I asked you to essentially be the

12   CRO and to -- and I respect your decision.  It sounds like,

13   from what I can tell, you thought long and hard about it and

14   that's all I can ask you to do.

15         So, I've signed the stipulation.  Mr. Lee, Mr.

16   Shannon, thanks, Mr. Ruff, thank you for your participation,

17   Ms. Haselden.  Thank you again to everyone and I'll sign the

18   order.  It'll hit the docket, I don't know, within the next

19   30-40 minutes.  We consider the case dismissed, just

20   retaining jurisdiction as to Sub-Chapter 5 Trustee fees.

21   And everyone have a good day.  Thank you.

22         SEVERAL:  Thank you, Your Honor.

23         (Whereupon these proceedings were concluded at

24   9:08 A.M.)

25

```
1                         I N D E X

2

3                         RULINGS

4                                        Page       Line

5

6   Motion to Dismiss GRANTED             8          19

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                C E R T I F I C A T I O N

 2

 3        I, Sonya Ledanski Hyde, certified that the foregoing

 4   transcript is a true and accurate record of the proceedings.

 5

 6

 7

 8   Sonya Ledanski Hyde

 9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  June 21, 2022
```